33605. EXECUTIVE JET SALES, INC. v. JET AMERICA, INC. et al.

NICHOLS, Chief Justice.

This court granted certiorari to review the decision of the Court of Appeals in Division 7 of its opinion in *Executive Jet Sales, Inc. v. Jet America, Inc.,* 145 Ga. App. 258 (243 SE2d 584)(1978)), dismissing Executive Jet's appeal on the grounds that it was from a nonfinal order and the interlocutory review procedures set out in Code Ann. § 6-701 (a) 2 had not been followed.

Executive Jet was a co-defendant in a suit filed by Jet America. Both defendants filed motions. The trial court granted the motion to dismiss of Gates Lear Jet, the other co-defendant, but denied the motion to dismiss filed by Executive Jet. When Jet America appealed the grant of Gates Lear Jet's motion to dismiss, Executive Jet cross appealed, enumerating as error the trial court's failure to grant its motion to dismiss. In a consolidated opinion, the Court of Appeals dismissed Executive Jet's appeal for the reasons recited above.

Executive Jet contends that Code Ann. §§ 6-802 and 6-803 (a) allow it to file, as a matter of right, its cross appeal as to the trial court's judgment denying its motion to dismiss when Jet America appealed the trial court's judgment dismissing Gates Lear Jet from the case. This court agrees. The last sentence of Code Ann. § 6-802 provides: "All parties to the proceedings in the lower court shall be parties on appeal, and shall be served with a copy of the notice of appeal in the manner hereinafter prescribed." Code Ann. § 6-803 (a) provides in part: "In civil cases, the appellee may institute cross appeal by filing notice thereof within 15 days from service of the

notice of appeal by appellant, and the appellee may present for adjudication on the cross-appeal all errors or rulings adversely affecting him, and in no case shall the appellee be required to institute an independent appeal on his own right, although the appellee may at his option file an independent appeal." Finally, Code Ann. § 6-701 (b) provides in pertinent part: "Where an appeal is taken under any provision of paragraph (a) above, all judgments, rulings or orders rendered in the case which are raised on appeal, and which may affect the proceedings below, shall be reviewed and determined by the appellate court, *without regard to the appealability of such judgment,* ruling or order standing alone, and without regard to whether the judgment, ruling or order appealed from was final, or was appealable by some other express provision of the law contained in paragraph (a) above, or elsewhere." (Emphasis supplied.)

Construing these three provisions together and keeping in mind that it was the intent of the General Assembly that the Appellate Practice Act of 1965 be liberally construed, Code Ann. § 6-905, this court concludes that Executive Jet's cross appeal was properly before the Court of Appeals for review. See *Burroughs Corp. v. Outside Carpets, Inc.,* 127 Ga. App. 622 (194 SE2d 487) (1972).

An interpretation of the word "appellee" as used in Code § 6-803 to mean only the party against whom the appeal is taken and who has a particular interest adverse to setting aside the judgment appealed would be too restrictive. Similarly, to define "proceedings in the lower court" as used in Code Ann. § 6-802 to mean only those proceedings which directly relate to the appellant's enumerations of error would unduly restrict the Appellate Practice Act.

A liberal construction of the above-cited provisions of Title 6 comports with the policies of the Appellate Practice Act and enhances the efficient administration of justice. It avoids a multiplicity of appeals. Accordingly, the holding of the Court of Appeals in Division 7 of its consolidated opinion is reversed.

*Judgment reversed. All the Justices concur, except Hall, J., who concurs in the judgment only.*

ARGUED JULY 10, 1978 — DECIDED OCTOBER 4, 1978.

N. *Forrest Montet, David Leonard,* for appellant.
*Phillips, Hart & Mozley, Michael A. Hartley, Donald R. Anderson, J. Arthur Mozley,* for appellees.