## 58535. SOUTHEAST CERAMICS, INC v. KLEM.

SMITH, Judge.

Appellee Klem brought an action for breach of contract. Appellant Southeast Ceramics counterclaimed, alleging malicious use of process. The trial court granted appellee's motion for summary judgment on appellant's counterclaim. The court denied appellant's motion for summary judgment on appellee's claim. We affirm the grant of appellee's motion and dismiss that part of the appeal relating to the denial of appellant's motion for summary judgment.

1. Appellant claims it was error for the trial court to grant the motion for summary judgment against its counterclaim alleging malicious use of process. Appellant particularly urges that the court could not have considered all the evidence on file, as it should have done, because one of the depositions remained sealed. However, the trial court stated in its order granting appellee's motion that it considered the record, and in light of that statement, this court will not hold that the trial court "failed to review the relevant portions of a deposition simply because the original of the deposition on file in the case remained sealed and was not opened until after the order granting the motion was entered." *General Motors Corp. v. Walker,* 244 Ga. 191 (259 SE2d 449) (1979).

The record and pleadings indicate that appellant seeks only to recover the costs it incurred in defending appellee's allegedly malicious action. Since appellant made no claim for damages cognizable in an action for malicious use of process, we find no error in the court's grant of appellee's motion for summary judgment. *Jacksonville Paper Co. v. Owen,* 193 Ga. 23 (17 SE2d 76) (1941); *Johnson v. Monumental Properties, Inc.,* 141 Ga. App. 151, 152 (232 SE2d 644) (1977).

2. Appellant's notice of appeal states: "Notice is hereby given that the defendant in the above-styled case, Southeast Ceramics,

Inc., appeals to the Court of Appeals of Georgia from the Order and Judgment of the Honorable Claude D. Shaw, dated March 7, 1979 and filed March 8, 1979 which sustained the plaintiff's Motion for Complete Summary Judgment as to defendant's Counterclaim and in dismissing the Counterclaim . . ." The notice of appeal clearly indicates that the only judgment, order, or ruling being appealed is the grant of appellee's motion for summary judgment on appellant's claim for malicious use of process. A separate order, denying appellant's motion for summary judgment on appellee's claim for breach of contract, is not mentioned in the notice of appeal.

"Where it is apparent from the notice of appeal, the record, the enumeration of errors, or any combination of the foregoing, what judgment or judgments were appealed from or what errors are sought to be asserted upon appeal, the appeal shall be considered in accordance therewith notwithstanding that the notice of appeal fails to specify definitely the judgment appealed from or that the enumeration of errors fails to enumerate clearly the errors sought to be reviewed . . ." Ga. L. 1965, pp. 18, 29 (Code Ann. § 6-809(d)); See also *Housing Authority v. Marbut Co.*, 229 Ga. 403 (191 SE2d 785) (1972). Appellant does specify a judgment from which the appeal is taken. However, the judgment specified does not address appellant's motion for summary judgment. The appeal must be dismissed insofar as it relates to the denial of appellant's motion. Compare *Slay v. Brady*, 126 Ga. App. 249 (190 SE2d 445) (1972).

*Judgment affirmed in part; appeal dismissed in part. Quillian, P. J., and Birdsong, J., concur.*

ARGUED SEPTEMBER 12, 1979 — DECIDED JANUARY 28, 1980 — REHEARING DENIED MARCH 27, 1980 —

*Neil L. Heimanson,* for appellant.
*Joseph H. King, Jr.,* for appellee.