## 36315. SOUTHEAST CERAMICS, INC. v. KLEM.

CLARKE, Justice.

Klem sued Southeast Ceramics, Inc. for breach of contract and Southeast responded with a counterclaim for malicious use of process. Each of the parties moved for summary judgment with Southeast seeking a holding of no liability on Klem's complaint and Klem seeking a holding of no liability on Southeast's counterclaim. Southeast's motion was denied and Klem's was granted. The net result was that Southeast was twice the loser and found itself with a suit pending against it and no counterclaim remaining against Klem.

Southeast took a direct appeal to the Court of Appeals pursuant to Code Ann. § 81A-156 (h). The notice of appeal specifically referred to the grant of Klem's motion for summary judgment but made no reference to the denial of Southeast's motion for summary judgment. However, Southeast's enumerations of error did assign error to the denial of its motion.

Southeast also filed a separate application for interlocutory review of the denial of its motion. The Court of Appeals denied the application.

In addressing the direct appeal, the Court of Appeals affirmed the trial court's grant of summary judgment to Klem on Southeast's counterclaim and dismissed the portion of Southeast's appeal which dealt with the denial of its motion for summary judgment as to the main claim. *Southeast Ceramics, Inc. v. Klem,* 154 Ga. App. 149 (267 SE2d 756) (1980). This court granted certiorari.

We are considering whether the denial of the summary judgment was properly before the Court of Appeals and whether Southeast's counterclaim alleged damages cognizable in an action for malicious use of process.

1. A grant of a motion for summary judgment is subject to direct appeal while the denial of such a motion is not appealable unless certain conditions are met. Code Ann. § 81A-156 (h). When a summary judgment is denied, it may be appealed after certification by the trial judge and the granting of an application by the appropriate appellate court. Code Ann. § 6-701 (a) 2. We do not conclude that this is the exclusive means of appealing the denial of a motion for summary judgment. In fact, we have held that the denial of a motion for summary judgment may be carried up as a cross appeal to the appeal by the opposite party of the granting of a motion for summary judgment. *Executive Jet Sales, Inc. v. Jet America, Inc.,* 242 Ga. 307 (248 SE2d 676) (1978); *Marathon U. S. Realties, Inc. v. Kalb,* 244 Ga. 390 (260 SE2d 85) (1979).

The first question in this case is whether the denial of a motion

for summary judgment can be appealed without application when it is tied to the appeal of an appealable order or judgment. We find that an affirmative answer to this question is the logical extension of the rule pronounced in *Executive Jet Sales, Inc. v. Jet America, Inc.,* supra, and *Marathon U. S. Realties, Inc. v. Kalb,* supra. These cases struck a blow for the principle of judicial economy, and the rule should be extended to meet the circumstances existing in this case. We frown upon the practice of appellate review by installment and seek to encourage appellate determination of issues in a case in the fewest possible appellate procedures. Code Ann. § 6-701 (b) provides that when an appeal is taken as authorized in Code Ann. § 6-701 (a), all judgments, rulings or orders rendered in the case which are raised on appeal, and which may affect the proceedings below, shall be reviewed and determined by the appellate court, without regard to the appealability of such judgment, ruling or order standing alone. Although the appeal of a grant of a motion for summary judgment is not one of the appeals authorized by Code Ann. § 6-701 (a), it is a judgment from which direct appeal can be taken. We hold that when a direct appeal is taken, any other judgments, rulings or orders rendered in the case and which may affect the proceedings below may be raised on appeal and reviewed and determined by the appellate court.

The next question to be considered is whether the denial of the motion for summary judgment was in fact raised on appeal. Klem argues that since the denial was not referred to in the notice of appeal, it should not be considered by the appellate court. We cannot agree. The failure to include the denial of the motion for summary judgment in the notice of appeal is of no consequence. "Where it is apparent from the notice of appeal, the record, the enumeration of errors, or any combination of the foregoing, what judgment or judgments were appealed from or what errors are sought to be asserted upon appeal, the appeal shall be considered in accordance therewith notwithstanding that the notice of appeal fails to specify definitely the judgment appealed from or that the enumeration of errors fails to enumerate clearly the errors sought to be reviewed." Code Ann. § 6-809 (d). Since the denial of the motion for summary judgment was included in the enumeration of errors in this case, the requirements of the law were adequately met.

It is also argued that the denial of Southeast's application for interlocutory appeal disposed of the question of the denial of summary judgment. Here also, we disagree. The denial of the application did not preclude the review of the denial of the motion for summary judgment in the direct appeal because the application itself was superfluous. The denial of a superfluous application does not

have the effect of blocking the available avenues of appeal which caused the application to be superfluous.

2. In affirming the grant of summary judgment, the Court of Appeals held that Southeast, in its counterclaim, sought no damages cognizable in an action for malicious use of process. "The prosecution of a civil action maliciously and without probable cause gives rise to a cause of action for a malicious use of process only when the person of the defendant was arrested or his property attached, or some special damage was done to him." *Jacksonville Paper Co. v. Owen,* 193 Ga. 23 (17 SE2d 76) (1941). It has also been held that expenses incurred in preparing and defending a suit do not constitute any special damage or injury so as to be recoverable in an action for malicious use of process. *Swain v. American Surety Co.,* 47 Ga. App. 501 (171 SE 217) (1933).

In the case before us here, Southeast counterclaimed on the ground of malicious use of process. There was no allegation or showing of special damages other than the cost of defending a lawsuit. It is true that Southeast also alleged $420.11 to be due to it on an unpaid account. This, however, is not a special damage which occurred as a result of the filing of the complaint against Southeast in the instant case. Therefore, the Court of Appeals did not err in finding no damages cognizable in an action for malicious use of process.

Consequently, Division 1 of the opinion of the Court of Appeals which affirmed the granting of the summary judgment to Klem on Southeast's counterclaim is affirmed. Division 2 of the opinion of the Court of Appeals is reversed and the case is remanded for determination of the merits of the trial court's denial of Southeast's motion for summary judgment on the main claim.

*Judgment affirmed in part; reversed in part. All the Justices concur.*

ARGUED JULY 9, 1980 — DECIDED
SEPTEMBER 9, 1980.

*Neil L. Heimanson,* for appellant.
*Joseph H. King, Jr.,* for appellee.