### 74414. HENDERSON v. CAUGHRAN et al.

(356 SE2d 721)·

DEEN, Presiding Judge.

In August of 1980, D. L. Henderson executed a promissory note in the amount of $5,000 in favor of Essie Allan Gooding. The note was never called or paid during Gooding's lifetime, and after her death her executors brought suit on it. Appellees filed a motion for summary judgment, and the court below found that no genuine issue of material fact existed as to the defendant's liability on the note because he failed to make timely response to the plaintiff's motion for summary judgment. The court also held that summary judgment was granted as to certain issues which were not valid defenses to the granting of the motion. The court, however, also found that the defendant's counterclaim raised issues of set-off or fraudulent inducement which were reserved for trial by jury. *Held*:

Plaintiffs filed their motion for summary judgment together, with a supporting affidavit, on July 19, 1986. The defendant filed a response and rebuttal affidavit on September 5, 1986. There is nothing in the record to indicate if this motion came on for hearing, but the order on the motion is dated October 14, 1986. Rule 6.2 of the Uniform Rules for the State Courts (253 Ga. 887, 1985), requires a party opposing a motion to serve and file a response, reply memorandum, affidavits, or other responsive material not later than 30 days after service of the motion or on the date of the hearing, whichever occurs first. As the defendant did not comply with this rule, we find that the court did not err in refusing to consider his untimely filed response and affidavit and to consider the materials filed by the plaintiffs as a basis for granting summary judgment in their favor. The mere pendency of a counterclaim does not bar the court from granting summary judgment in a suit on a note. *Mock v. Canterbury Realty Co.,* 152 Ga. App. 872, 878 (264 SE2d 489) (1980).

*Judgment affirmed. Birdsong, C. J., and Pope, J., concur.*   ·

DECIDED APRIL 16, 1987.

*Albert N. Remler*, for appellant.

*Thomas R. Herndon*, for appellees.