## 46124. STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY v. YANCEY.

(375 SE2d 39)

SMITH, Justice.

We granted certiorari in *State Farm Mut. Auto. Ins. Co. v. Yancey*, 188 Ga. App. 8 (371 SE2d 883) (1988) to determine whether or not *Southeast Ceramics v. Klem*, 246 Ga. 294 (271 SE2d 199) (1980)[1] controls this case. We hold that it does not, and we affirm.

When a trial court denies a motion for new trial, a direct appeal is authorized; however, when a trial court denies a motion to set aside a judgment, a discretionary application must be filed. OCGA § 5-6-35 (a) (8). The issue raised by this case is whether the application procedure can be circumvented by filing a direct appeal of the denial of the motion for new trial that includes the denial of the motion to set aside.

A careful reading of OCGA § 5-6-35 leads us to the inescapable conclusion that the legislature never intended for the application procedure to be circumvented. The statute begins by stating, "Appeals in the following cases shall be taken as provided in this Code section" and goes on to include within the following cases appeals from orders "denying a motion to set aside a judgment." OCGA § 5-6-35 (8). Subsection (b) provides, "All appeals taken in cases specified in subsection (a) of this Code section shall be by application. . . ." Thus the statute makes it clear that an application must be filed to appeal from an order denying a motion to set aside a judgment.

Subsection (d) indicates the legislature's preference for the discretionary application process even in cases in which a motion for new trial is also filed. OCGA § 5-6-35 (d) divides the time limits for filing discretionary applications in two parts. 1) When only a motion to set aside has been denied by the trial court, the application must be filed within 30 days of the entry of the order denying the motion to set aside. 2) When a motion for new trial and a motion to set aside a judgment have both been denied by the trial court, the application must be filed within 30 days after the entry of the order granting, overruling, or otherwise finally disposing of the motion for new trial.

The legislature expressly set out a special time limitation for filing discretionary applications when a motion for new trial has also been filed. The legislature intended for the application process to be followed and did not intend for the process to be circumvented by filing a motion for new trial.

---

[1] *Southeast Ceramics v. Klem*, 246 Ga. 294 (271 SE2d 199) (1980) was concerned only with OCGA § 5-6-34, and it does not apply to cases in which appeals are sought from both motions to set aside, which require applications, OCGA § 5-6-35 (a) (8), and motions for new trial.

*Judgment affirmed. All the Justices concur, except Bell, J., who dissents.*

DECIDED JANUARY 12, 1989.

*Sims, Fleming & Swan, John S. Sims, Jr.*, for appellant.
*Morris & Webster, Craig A. Webster*, for appellee.