A92A0186. MANLEY v. JONES et al.
(416 SE2d 744)

BIRDSONG, Presiding Judge.

Carolyn Durham Manley appeals from the judgment of the Superior Court of DeKalb County dismissing her complaint against Eugene Jones, individually, and as executor of the will of Jessie Durham. Manley contends the lower court erred by dismissing her complaint, by ruling her complaint was an unauthorized collateral attack on the judgment of the probate court of another county, and by refusing to transfer the action to the appropriate jurisdiction.

The record shows that Manley brought this action against Jones and the Probate Judge of Ben Hill County seeking to "set aside the dismission of said Eugene Jones as executor under said will in common form and further to require that the same be probated in solemn form in the Probate Court of Ben Hill County, Georgia." Subsequently, by stipulation the parties dismissed the action against the probate judge.

Thereafter, finding that Manley's claim was a collateral attack on a judgment rendered in the Probate Court of Ben Hill County and that there are no provisions in law authorizing such an action, the superior court granted Jones' motion to dismiss the complaint because it failed to state a complaint upon which relief could be granted. This direct appeal followed. *Held:*

Pretermitting whether the trial court properly dismissed Manley's complaint is whether this court has jurisdiction to consider this appeal. "It is not only the right but the duty of a reviewing or appellate court to raise the question of its jurisdiction in all cases in which there may be any doubt as to the existence of such jurisdiction." (Citation and punctuation omitted.) *Atlantic-Canadian Corp. v. Hammer, Siler &c. Assoc.,* 167 Ga. App. 257 (306 SE2d 22).

Examination of Manley's complaint shows that, although allegations of fraud were made against Jones, the relief sought was to set aside the judgment of the probate court granting letters dismission to Jones. In particular, the complaint did not assert that the judgment of the probate court was void on its face. Therefore, although framed

as an unauthorized complaint in equity (see OCGA § 9-11-60 (e)), Manley's complaint was an effort to set aside the judgment of the probate court because of fraud. As such efforts are properly brought as motions to set aside the judgment under OCGA § 9-11-60 (d) (2), and as it is the substance and function of the pleadings which are determinative (*Holloway v. Frey*, 130 Ga. App. 224, 227 (202 SE2d 845)), we must treat Manely's complaint as a motion to set aside the judgment in which relief was denied.

Appeals from the denial of motions to set aside judgment, however, must be brought under the discretionary appeals procedures. OCGA § 5-6-35 (a) (8); *State Farm Mut. &c. Co. v. Yancey*, 258 Ga. 802 (375 SE2d 39). Further, although no longer authorized for this purpose, OCGA § 5-6-35 (a) (8), as amended, specifically includes "[a]ppeals from orders . . . denying relief upon a complaint in equity to set aside a judgment" as one of the appeals which must be brought under the discretionary appeals procedures. Under these circumstances there is no doubt that the legislature required the discretionary appeals procedures for appeals from orders or judgments denying relief in cases seeking to set aside judgments. See *State Farm Mut. &c. Co. v. Yancey*, supra.

Since Manley brought this appeal pursuant to a direct appeal, it must be dismissed. *Boyle v. State of Ga.*, 190 Ga. App. 734 (380 SE2d 57); Court of Appeals Rule 32 (d).

*Appeal dismissed. Beasley and Andrews, JJ., concur.*

DECIDED FEBRUARY 11, 1992 —
RECONSIDERATION DENIED MARCH 4, 1992 —

*Walbert & Hermann, Paul D. Hermann, William K. Day, Mills & Chasteen, Ben B. Mills, Jr.*, for appellant.

*Love & Willingham, Robert P. Monyak, Jay, Sherrell & Smith, John E. Smith III*, for appellees.

