A92A2298. CAIN v. MOORE et al.
(429 SE2d 135)

BIRDSONG, Presiding Judge.

This is a direct appeal from the order of the superior court denying appellant/plaintiff's motion, captioned "Plaintiff's Motion to Vacate Order and Judgment and to Reinstate Case."

Appellant filed a medical malpractice action on February 22, 1991. Defendant David O. Moore, M.D. filed a motion for summary judgment on May 15, 1991. Defendant Board of Regents filed a motion to dismiss for want of jurisdiction over its person on May 23, 1991. On June 28, 1991, the superior court granted defendant Moore's

motion for summary judgment as appellant/plaintiff failed to file a response thereto within 30 days as required by USCR 6.2. On the same date, the superior court granted defendant Board of Regents' motion to dismiss. The record does not establish that a timely appeal was ever taken from the order granting summary judgment to defendant Moore. See generally OCGA §§ 5-6-34 (a); 5-6-38; 9-11-56 (h).

On February 4, 1992, appellant/plaintiff filed a motion with the superior court to vacate the order and judgment, entered on June 28, 1991, granting defendant Moore's motion for summary judgment. Appellant asserts this motion was brought pursuant to the general provisions as to form of motions promulgated in OCGA § 9-11-7 (b). In the request for relief contained in the motion, appellant asks that the court allow the motion for summary judgment to be considered on its merits, vacate and *set aside* its order and judgment, and treat the motion as an emergency motion under USCR 6.7.

On February 26, 1992, the trial court entered an order denying appellant's motion to vacate the order and judgment and to reinstate the case; as there remained one defendant in this lawsuit, the trial court entered the requisite express determination and express direction required by OCGA § 9-11-54 (b) to enter a final judgment as to one or more but fewer than all the parties. *Held*:

1. Pretermitting whether the trial court erred in denying appellant's motion is whether this court has jurisdiction to consider this appeal. It is the duty of a reviewing court to raise the question of its jurisdiction in all cases in which there may be doubt as to the existence thereof. *Atlantic-Canadian Corp. v. Hammer &c. Assoc.*, 167 Ga. App. 257 (1) (306 SE2d 22).

2. There is no magic in nomenclature and we judge pleadings, motions, and orders not by their name but by their function and substance, being always mindful to construe such documents in a manner compatible with the best interests of justice. *Howell Mill/Collier Assoc. v. Pennypacker's*, 194 Ga. App. 169 (1) (390 SE2d 257); *Gully v. Glover*, 190 Ga. App. 238 (1) (378 SE2d 411). Notwithstanding appellant's attempt to characterize its motion as one to vacate and reinstate the case, the substance of this motion is to request a setting aside of the grant of motion of summary judgment to defendant Moore. In fact, the motion expressly requests that the superior court "set aside" its order and "judgment." Thus, the order of the trial court in substance was the denial of a motion to set aside a summary judgment. The function and substance of appellant's motion was to obtain a setting aside of the summary judgment on equitable grounds. It is now prohibited to use a complaint in equity to set aside a judgment. OCGA § 9-11-60 (e). "Appeals from the denial of motions to set aside judgment . . . must be brought under the discretionary appeals procedures. OCGA § 5-6-35 (a) (8); *State Farm Mut. &c. Co. v.*

*Yancey,* 258 Ga. 802 (375 SE2d 39). Further, although no longer authorized for this purpose, OCGA § 5-6-35 (a) (8), as amended, specifically includes '(a)ppeals from orders . . . denying relief upon a complaint in equity to set aside a judgment' as one of the appeals which must be brought under the discretionary appeals procedures. Under these circumstances there is no doubt that the legislature required the discretionary appeals procedures for appeals from orders or judgments denying relief in cases seeking to set aside judgments." *Manley v. Jones,* 203 Ga. App. 173, 174 (416 SE2d 744). Because appellant brought this appeal pursuant to a direct appeal, it must be dismissed. Id.

Assuming arguendo that the motion to set aside could be construed as a motion to set aside based on some form of accident unmixed with the negligence or fault of the movant (OCGA § 9-11-60 (d) (3)), we also would lack jurisdiction over this appeal. OCGA § 5-6-35 (a) (8). Nor can OCGA § 9-11-7 (b) be construed to expand the jurisdiction of this court over orders of lower courts granting or denying motions whose substance and function are to obtain the set-aside of a judgment.

*Appeal dismissed. Andrews, J., concurs. Beasley, J., concurs specially.*

BEASLEY, Judge, concurring specially.

I concur in that part of the opinion which concludes that this direct appeal must be dismissed because it is from an order denying a motion to set aside a judgment, which requires an application under OCGA § 5-6-35 (a) (8).

I do not agree that the motion was based on equitable grounds. Plaintiff complained that the court in effect granted a default summary judgment, basing it on the lack of a response by plaintiff, which the court interpreted as meaning that the motion was unopposed. USCR 6.5 sets out what a response to a summary judgment motion shall include, and USCR 6.2 provides that a party opposing any motion shall respond within 30 days. But OCGA § 9-11-56 (c) only allows summary judgment if the record shows that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." There is no such thing as a default summary judgment. *Hughes v. Montgomery Contracting Co.,* 189 Ga. App. 814, 815 (377 SE2d 723) (1989); *McGivern v. First Capital &c. Prop., Ltd.,* 188 Ga. App. 716, 717 (1) (373 SE2d 817) (1988). This is a legal, not an equitable, ground.

The trial court cited *Henderson v. Caughran,* 182 Ga. App. 657 (356 SE2d 721) (1987), as authority, but in that case, where defendant's response to plaintiff's motion for summary judgment was beyond the 30-day limit so was correctly not considered, the record sup-

ported summary judgment for plaintiff.

It was plaintiff's primary ground for the motion in this case that, as a matter of law, the record did not support summary judgment even without a response to defendant's motion. OCGA § 9-11-60 (d) allows motions to set aside when there is a nonamendable defect on the face of the record, which is what plaintiff's contention was. This, too, is a legal rather than an equitable ground. Plaintiff argued below that there were two conflicting affidavits, which created a genuine issue of material fact: the expert's affidavit filed with the complaint pursuant to OCGA § 9-11-9.1 and defendant Dr. Moore's affidavit, which was filed in support of his motion for summary judgment.

Plaintiff explained in his motion that the reason he had not filed a response, although he contended he did not need one to defeat summary judgment, was because of a family crisis, and that this was also the reason for the time period before filing the motion in the still-pending case. But this did not create an equitable ground. Actually, OCGA § 9-11-60 (f) allows such motions within three years from the entry of judgment; plaintiff's motion was filed within eight months.

Nevertheless, we cannot rule on the legal merits of appellant's motion because he has followed the wrong route to this court.

DECIDED MARCH 10, 1993.

*Joyner & Joyner, Gordon L. Joyner,* for appellant.

*Michael J. Bowers, Attorney General, Alfred L. Evans, Jr., Mark H. Cohen, Senior Assistant Attorneys General, Long, Weinberg, Ansley & Wheeler, Joseph W. Watkins, M. B. Satcher III,* for appellees.