S93G1090. MARTIN et al. v. WILLIAMS.
(438 SE2d 353)

SEARS-COLLINS, Justice.

The appellee obtained a judgment against the appellants on a dental malpractice claim, and the appellants filed a motion styled as both a motion for new trial and a motion to set aside the judgment. The trial court denied the motion, and the appellants filed a direct appeal to the Court of Appeals. Citing *State Farm &c. Co. v. Yancey,* 258 Ga. 802 (375 SE2d 39) (1989), the Court of Appeals by order ruled that the denial of both the motion for new trial and the motion to set aside the judgment had to be appealed under the application

requirements of OCGA § 5-6-35,[1] even though the denial of the appellants' motion for new trial would have been, standing alone, directly appealable under OCGA § 5-6-34 (a). Because the appellants had not complied with § 5-6-35, the Court dismissed the entire appeal. We reverse the dismissal of the appellants' appeal.

1. Even assuming the Court of Appeals properly ruled that *Yancey* requires the dismissal of the direct appeal of the denial of a motion for new trial when the appellant is also appealing from the denial of a motion to set aside, the Court of Appeals' dismissal in this case must be reversed. The reason is that, although the motion in this case was styled a motion for new trial and a motion to set aside, it was clearly only a motion for new trial, as it raised issues relating to the verdict but none relating to a motion to set aside under § 9-11-60 (d). See *Pillow v. Seymour*, 255 Ga. 683 (341 SE2d 447) (1986); *Sunn v. Mercury Marine*, 166 Ga. App. 567, 568-569 (305 SE2d 6) (1983). Because substance, rather than nomenclature, governs pleadings, *Cotton v. Federal Land Bank*, 246 Ga. 188 (269 SE2d 422) (1980); *Bank of Cumming v. Moseley*, 243 Ga. 858 (257 SE2d 278) (1979), the appellants were appealing only from the denial of a motion for new trial. As the denial of that motion was directly appealable, the Court of Appeals erred in dismissing the appeal.

2. Moreover, we conclude the Court of Appeals did err in its interpretation of *Yancey*. In *Yancey* the appellant filed a timely motion for new trial and a motion to set aside the judgment. The trial court denied both motions, and the appellant filed a direct appeal to the Court of Appeals, raising issues regarding the motion for new trial and the motion to set aside. The Court of Appeals held that the appeal of the denial of the motion to set aside had to proceed under § 5-6-35 (a) (8), *State Farm &c. Co. v. Yancey*, 188 Ga. App. 8, 9 (1) (A) (371 SE2d 883) (1988), but addressed the issues raised by the denial of the motion for new trial, id. at 9-10 (2-4). This Court granted certiorari to consider whether the Court of Appeals had erred by dismissing the appeal of the denial of the motion to set aside. We affirmed.

As this review demonstrates, this Court's affirmance in *Yancey* does not stand for the proposition that a directly appealable order denying a motion for new trial becomes subject to the application requirements of § 5-6-35 because the appellant is also seeking to appeal from the denial of a motion to set aside. To the contrary, *Yancey*, 258 Ga., only stands for the proposition that if a party is appealing directly from a denial of a motion for new trial, the party may not add

---

[1] OCGA § 5-6-35 (a) (8) provides that appeals from orders denying motions to set aside judgments under OCGA § 9-11-60 (d) must proceed under the application requirements of § 5-6-35.

to that appeal issues relating to a denial of a motion to set aside a judgment that, standing alone, would be subject to the application procedures of § 5-6-35. Moreover, nothing in OCGA § 5-6-34 or § 5-6-35 supports the Court of Appeals' extension of the rule this Court established in *Yancey*.

3. Having held that the Court of Appeals in this case erroneously extended the holding of *Yancey*, 258 Ga., we now conclude it is necessary to re-examine even the actual holding of our decision in *Yancey*. We do so because *Yancey*, 258 Ga., appears to be in conflict with other decisions of this Court that have liberally applied § 5-6-34 (d) so as to permit an order that is not directly appealable by itself to be appealed along with a separate, directly appealable order. E.g., *Executive Jet Sales v. Jet America*, 242 Ga. 307 (248 SE2d 676) (1978); *Southeast Ceramics v. Klem*, 246 Ga. 294 (271 SE2d 199) (1980); *McClure v. Gower*, 259 Ga. 678, 680-681 (2) (385 SE2d 271) (1989); *Stancil v. Gwinnett County*, 259 Ga. 507, 508 (384 SE2d 666) (1989).[2] For the reasons that follow, we conclude that *Yancey*, 258 Ga., was erroneously decided.

First, we focus on the interplay between OCGA §§ 5-6-34 (d) and 5-6-35. Section 5-6-34 (d) provides that

[w]here an appeal is taken under any provision of subsection (a), (b), or (c) of this Code section, all judgments, rulings, or orders rendered in the case which are raised on appeal and which may affect the proceedings below shall be reviewed and determined by the appellate court, without regard to the appealability of the judgment, ruling, or order standing alone and without regard to whether the judgment, ruling or order . . . was final or was appealable by some other express provision of law contained in this Code section, or elsewhere.

Because § 5-6-34 (d) specifies that all judgments, rulings, and orders *shall* be reviewed and determined without regard to whether they are *appealable standing alone or under some express provision of law other than § 5-6-34*,[3] § 5-6-34 (d) specifically references appeal provisions such as § 5-6-35 and effectively preempts such provisions when applicable. Section 5-6-34 (d) is thus broad enough to per-

---

[2] The Court of Appeals has on numerous occasions relied on *Yancey* to dismiss the appeal of the denial of a motion to set aside the judgment when it is attached to a directly appealable order denying a motion for new trial. E.g., *Fabe v. Floyd*, 199 Ga. App. 322, 324-325 (1) (405 SE2d 265) (1991); *Willard v. Wilburn*, 203 Ga. App. 393 (1) (416 SE2d 798) (1992).

[3] For an order that is not directly appealable to be added to a direct appeal under § 5-6-34 (d), the order sought to be added must be an order that "may affect the proceedings below." OCGA § 5-6-34 (d). That requirement is not at issue in this appeal.

mit a party to raise on the appeal of a directly appealable order issues regarding an order that, standing alone, is subject to the application requirements of § 5-6-35.

On the other hand, § 5-6-35 (a) provides that "[a]ppeals in the following cases *shall* be taken as provided in this Code section." (Emphasis supplied.) Although § 5-6-35 does not specifically reference § 5-6-34 (d) or state that it controls over § 5-6-34 (d) when applicable, the use of the word "shall" arguably mandates that there be no exceptions to the requirements of § 5-6-35.

In *Yancey*, this Court resolved the tension between § 5-6-34 (d) and § 5-6-35 by ruling that § 5-6-34 (d) did not apply to appeals involving § 5-6-35 (a) (8). See *Yancey*, 258 Ga. at 802, including n. 1. The logical extension of the holding in *Yancey* is that § 5-6-34 (d) would not apply to any order that, standing alone, falls under § 5-6-35.

However, we have held that the provisions of the Appellate Practice Act must be liberally construed. OCGA § 5-6-30; *Executive Jet*, 242 Ga. at 308. Liberally applying the Act, we have held that § 5-6-34 (d) permits an order that, standing alone, would be subject to the application requirements of § 5-6-34 (b) to be added to the appeal of an order that is directly appealable. See *Southeast Ceramics*, 246 Ga. at 294-295; *Executive Jet*, 242 Ga. at 307-308. Moreover, in *Southeast Ceramics*, we held that "[w]e frown upon the practice of appellate review by installment and seek to encourage appellate determination of issues in a case in the fewest possible appellate procedures." Id. at 295. Furthermore, under § 5-6-34 (d), we have permitted orders that normally would be subject to the requirements of § 5-6-35 to be raised in the direct appeal of a separate directly appealable order. *McClure*, 259 Ga. at 680-681 (order falling under § 5-6-35 (a) (6)); *Stancil*, 259 Ga. at 508 (order falling under § 5-6-35 (a) (10)).

Liberally construing the provisions in question and bearing in mind that § 5-6-34 (d) specifically references provisions such as § 5-6-35 and effectively preempts such provisions when applicable whereas § 5-6-35 contains no such preemption regarding § 5-6-34, we conclude that *Yancey*, 258 Ga., was improperly decided and that the tension between § 5-6-34 (d) and § 5-6-35 should be resolved by construing the phrase "following cases" in § 5-6-35 to exclude those cases in which § 5-6-34 (d) is applicable.[4]

---

[4] For similar reasons, we conclude that *Yancey* mistakenly relied on the time limit for filing an application when a motion for new trial has been filed, see § 5-6-35 (d), to conclude that the General Assembly did not intend for orders denying motions for new trial and motions to set aside to proceed under § 5-6-34 (d). Sections 5-6-34 (d) and 5-6-35 (d) can easily be harmonized by construing § 5-6-35 (d) as simply being a recognition that many cases will fall exclusively under § 5-6-35, such as a case stemming solely from a final judgment based on a jury verdict in a divorce case; that the order sought to be appealed in such a case is

For the foregoing reasons, we overrule *Yancey*, 258 Ga. 802.
*Judgment reversed. All the Justices concur.*

DECIDED JANUARY 10, 1994.

*Savell & Williams, Robert E. Mulholland, Michael K. Jablonski,*
for appellants.
*Peter G. Williams,* for appellee.

---

properly subject to a motion for new trial; and that the losing party should be given an opportunity to make such a motion before filing an application to appeal.