A95A0225, A95A0339. MITCHELL v. KENYA et al.;
and vice versa.
(452 SE2d 799)

McMURRAY, Presiding Judge.

Mildred Mitchell asserted claims against Bandilai-Nahi Kenya and Bedford Residential Management, Inc., d/b/a Windy Hill Village ("Bedford") for malicious arrest and negligent hiring and retention and later filed a motion for summary judgment as to both of these claims. Bedford filed a motion for summary judgment as to Mitchell's claim for negligent hiring and retention. After a hearing, the trial court denied Mitchell's motion for summary judgment and granted partial summary judgment in favor of Bedford as to Mitchell's claim for negligent hiring and retention. Mitchell then filed a notice of appeal and therein designated that she is appealing "from an Order . . . involving the denial of [her] Motion for Summary Judgment." Kenya and Bedford filed (in the trial court) a motion to dismiss the notice of appeal, claiming that Mitchell's failure to pay costs within the time prescribed by OCGA § 5-6-48 (c) caused an unreasonable and inexcusable delay in transmission of the record to the Court of Appeals. See *Leonard v. Ognio*, 201 Ga. App. 260, 261 (410 SE2d 814). The trial court denied this motion and Kenya and Bedford filed a notice of appeal. The appeal filed by Bedford and Kenya was docketed in the Court of Appeals as Case No. A95A0339. Mitchell's appeal was docketed as Case No. A95A0225. We now consider both appeals. *Held*:

*Case No. A95A0225*

1. Mitchell filed an enumeration of error and brief challenging the denial of summary judgment as to her claim for malicious arrest. Kenya and Bedford responded by filing a motion to dismiss, arguing that this direct appeal must be dismissed because it is from the denial of summary judgment and is therefore reviewable only via the inter-

locutory appeal procedure of OCGA § 5-6-34 (b). Mitchell then filed another enumeration of error, contending the trial court erred in denying her motion for summary judgment and granting partial summary judgment in favor of Bedford. Kenya and Bedford filed a motion to dismiss this supplemental enumeration of error, arguing that it was filed outside the period prescribed by Court of Appeals Rule 27 (a) (now Rule 22 (a), effective January 1, 1995) for filing enumerations of error.

Although the denial of summary judgment must be appealed in accordance with the interlocutory appeal provisions of OCGA § 5-6-34 (b), such an interlocutory ruling can be appealed without application when it is tied to the appeal of a directly appealable order or judgment. *Southeast Ceramics v. Klem*, 246 Ga. 294 (1) (271 SE2d 199). In the case sub judice, Mitchell did not designate in her notice of appeal that she is appealing from a directly appealable ruling. She designated that her appeal is from the denial of summary judgment and clarified in her first enumeration of error and brief that her sole contention relates to the denial of summary judgment as to her claim for malicious arrest. The denial of summary judgment as to this cause of action is entirely interlocutory (as it leaves Mitchell's claim for malicious arrest in the trial court for adjudication) and may therefore only be challenged in isolation of a directly appealable order via the interlocutory appeal procedure of OCGA § 5-6-34 (b). See *Lumbermen's Underwriting Alliance v. Atlantic Wood Indus.*, 207 Ga. App. 392 (427 SE2d 861). Compare *Martin v. Williams*, 263 Ga. 707, 708 (2), 710 (438 SE2d 353); and *Southeast Ceramics v. Klem*, 246 Ga. 294 (1), supra. However, Mitchell attempts to expand the scope of this appeal by filing a supplemental enumeration of error challenging the directly appealable ruling on Bedford's motion for summary judgment. See OCGA § 9-11-56 (h). Unfortunately, we may not consider this supplemental enumeration of error as it was filed outside the 20-day period prescribed by Court of Appeals Rule 27 (a) (now Rule 22 (a), effective January 1, 1995) for filing enumerations of error.

"[U]nder controlling Supreme Court authority, [such a supplemental enumeration of error] 'came too late and [is] a nullity.' *Foskey v. Kirkland*, 221 Ga. 773-774 (1) (147 SE2d 310) (1966). See also *Arkwright v. State*, 223 Ga. 768, 769 (158 SE2d 370) (1967)." *Vick v. State*, 205 Ga. App. 600, 601 (2) (423 SE2d 46). Consequently, since the sole issue in the case sub judice is Mitchell's challenge to a ruling on a substantive claim which remains pending in the trial court and since Mitchell failed to comply with the interlocutory appeal procedure of OCGA § 5-6-34 (b), we have no authority to consider this direct appeal. See *Lumbermen's Underwriting Alliance v. Atlantic Wood Indus.*, 207 Ga. App. 392, supra.

Kenya's and Bedford's motion to dismiss this appeal is hereby

granted. So is their motion to dismiss Mitchell's supplemental enumeration of error.

2. Kenya and Bedford have also filed a separate motion to dismiss this appeal based on Mitchell's alleged unreasonable and inexcusable delay in transmission of the record to the Court of Appeals. However, our rulings in Division 1 of this opinion render it unnecessary to address this motion to dismiss.

### Case No. A95A0339

3. Our holding in Case No. A95A0225 renders the appeal in Case No. A95A0339 moot, and consequently that appeal is dismissed. *Bice v. State*, 212 Ga. App. 184, 185 (2) (441 SE2d 507).

*Appeals dismissed. Andrews and Blackburn, JJ., concur.*

DECIDED JANUARY 13, 1995.

*Robert A. Maxwell,* for appellant.

*Long, Weinberg, Ansley & Wheeler, J. Kenneth Moorman, John C. Bonnie,* for appellees.