A99A0460. RELIANCE INSURANCE COMPANY v. COBB COUNTY.
(510 SE2d 129)

McMURRAY, Presiding Judge.

Cobb County brought a breach of contract action against defendant Ruby-Collins, Inc. and also against Reliance Insurance Company as surety for defendant Ruby-Collins, Inc. On September 3, 1998, the trial court granted partial summary judgment in favor of Cobb County, and defendant Ruby-Collins, Inc. filed a notice of appeal the next day. That appeal has been docketed with this Court as Case No. A99A0365.

Also on September 3, 1998, the trial court denied Reliance Insurance Company's motion to compel Cobb County's response to certain discovery requests. Reliance Insurance Company, represented by the same counsel as defendant Ruby-Collins, Inc., subsequently initiated

this appeal by filing a notice of direct appeal on October 2, 1998. *Held*:

It is the duty of this Court on its own motion to inquire into its jurisdiction. *Cole v. Cole*, 205 Ga. App. 332 (1) (422 SE2d 230). Reliance asserts that a notice of direct appeal from the denial of its motion to compel discovery is authorized by the decision of the Supreme Court of Georgia in *Martin v. Williams*, 263 Ga. 707 (438 SE2d 353). We disagree.

In *Martin v. Williams*, 263 Ga. 707, supra, the Supreme Court reaffirmed the policy discouraging appellate review by installment and held that "[OCGA] § 5-6-34 (d) permits an order that, standing alone, would be subject to the application requirements of § 5-6-34 (b) to be added to the appeal of an order that is directly appealable. See *Southeast Ceramics[ v. Klem*, 246 Ga. 294-295 (271 SE2d 199)]; *Executive Jet [Sales v. Jet America*, 242 Ga. 307-308 (248 SE2d 676)]." Id. at 709 (3), 710. But nothing in *Martin v. Williams*, 263 Ga. 707, supra; *Southeast Ceramics v. Klem*, 246 Ga. 294, supra; or *Executive Jet Sales v. Jet America*, 242 Ga. 307, supra, authorizes a separate direct appeal from the denial of a discovery motion (an interlocutory ruling subject to the discretionary appeal procedures), simply because there is an appealable grant of partial summary judgment in favor of the opposing party.

In such a circumstance, Reliance Insurance Company had two traditional avenues to obtain review of the trial court's discovery ruling before the entry of final judgment. First, the interlocutory appeal procedures set forth in OCGA § 5-6-34 (b) were available. *Johnson & Johnson v. Kaufman*, 226 Ga. App. 77, 78 (485 SE2d 525). Second, a timely notice of cross-appeal from the grant of partial summary judgment was available. *Executive Jet Sales v. Jet America*, 242 Ga. 307, 308, supra. "In civil cases, [an] appellee may institute cross appeal by filing notice thereof within 15 days from service of the notice of appeal by the appellant; and the appellee may present for adjudication on the cross appeal all errors or rulings adversely affecting him; and in no case shall the appellee be required to institute an independent appeal on his own right, *although the appellee may at his option file an independent appeal*." (Emphasis supplied.) OCGA § 5-6-38 (a). "An interpretation of the word 'appellee' as used in Code [Ann.] § 6-803 [now OCGA § 5-6-38] to mean only the party against whom the appeal is taken and who has a particular interest adverse to setting aside the judgment appealed [is] too restrictive." *Executive Jet Sales v. Jet America*, 242 Ga. 307, 308, supra. In the case sub judice, we hold that Reliance Insurance Company, as a co-defendant with Ruby-Collins, Inc. in Cobb County's breach of contract action, is an "appellee" within the meaning of OCGA § 5-6-38 (a), and so was entitled to file a notice of cross-appeal within 15 days from service of the notice

of appeal by Ruby-Collins, Inc. But there was no timely notice of cross-appeal. The *independent* appeal authorized by OCGA § 5-6-38 (a) is not the *direct* appeal here attempted but consists of an application for *discretionary* review of a timely certified interlocutory discovery order. Reliance Insurance Company did not perfect an appeal under either available avenue. The separate direct appeal from the interlocutory discovery ruling is ineffective to confer appellate jurisdiction on this Court, and so the appeal in Case No. A99A0460 must be dismissed.

*Appeal dismissed. Andrews, C. J., and Ruffin, J., concur.*

DECIDED DECEMBER 4, 1998.

*Alston & Bird, William H. Hughes, Jr., Kenneth D. Steele, Blaine A. Norris*, for appellant.

*Freeman, Mathis & Gary, Thomas B. Gary, Dorothy H. Bishop*, for appellee.

