# Court of Appeals
# of the State of Georgia

ATLANTA, September 13, 2013

*The Court of Appeals hereby passes the following order:*

## A14A0078. CHARLES ANTHONY WILLIS v. THE STATE.

In 2002, Charles Anthony Willis pled guilty to armed robbery. The trial court denied his motion to withdraw his plea, and this Court affirmed in an unpublished opinion. See *Willis v. State*, Case Number A03A1525, decided August 18, 2003. In 2012, Willis filed a motion to amend the record to include additional information he contends should be considered in mitigation of punishment. The trial court denied the motion, noting that it lacked jurisdiction to modify Willis's sentence. Willis seeks to appeal this ruling.[1]

Although Willis purported to file a "Motion to Amend," in substance the motion was one for sentence modification. See *Martin v. Williams*, 263 Ga. 707, 708 (1) (438 SE2d 353) (1994) (a motion's substance will control over its nomenclature). Under OCGA § 17-10-1 (f), a court may correct or reduce a sentence during the year after its imposition or within 120 days after remittitur following a direct appeal, whichever is later. *Frazier v. State*, 302 Ga. App. 346, 347-348 (691 SE2d 247) (2010); *Burg v. State*, 297 Ga. App. 118, 118 (676 SE2d 465) (2009). Once this statutory period expires, a trial court may modify a sentence only if it is void. *Jones v. State*, 278 Ga. 669, 670 (604 SE2d 483) (2004). "A sentence is void if the court imposes punishment that the law does not allow." (Punctuation omitted.) Id.

---

[1] In his notice of appeal, Willis sought transmission of the entire record. The trial court entered a subsequent order refusing to transmit the entire record, and Willis filed a second notice of appeal from this ruling. Because we lack jurisdiction to consider Willis's appeal of the denial of his motion to amend the record, the issue of transmitting the record is rendered moot.

Therefore, in order to support a motion for sentence modification filed outside the statutory time period of OCGA § 17-10-1 (f), a defendant must demonstrate that the sentence imposes punishment not allowed by law. *Frazier*, supra.

Further, a direct appeal does not lie from the denial of an untimely motion seeking to modify a sentence unless the motion raises a colorable claim that the sentence is, in fact, void. *Reynolds v. State*, 272 Ga. App. 91, 95 (3) (611 SE2d 750) (2005). Allegations that merely question the fairness of a sentence do not raise a colorable claim of voidness and cannot form the basis for an appeal. *Jones*, supra at 670-671.

Willis's motion was not timely under OCGA § 17-10-1 (f), and he raises no claim that his sentence is void. Under these circumstances, we lack jurisdiction to consider this appeal, which is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
    *Clerk's Office, Atlanta,* 09/13/2013
    *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
    *Witness my signature and the seal of said court hereto affixed the day and year last above written.*



_____ *, Clerk.*