# Court of Appeals
# of the State of Georgia

ATLANTA, September 20, 2013

*The Court of Appeals hereby passes the following order:*

**A13A2025. RUSSELL G. LYNN v. THE STATE.**

On March 14, 2012, Russell G. Lynn pled guilty to three counts of forgery and one count of theft by deception. Six months later, Lynn filed a pro se pleading titled "Void Judgment and Sentence" in which he argued that the crimes should have merged, requested to have his sentence served on probation, and sought the opportunity to present evidence of his innocence. The trial court denied the motion by order dated October 12, 2012. On March 27, 2013, Lynn filed a motion for sentence modification under OCGA § 17-10-1. In that motion, Lynn also referenced a prior "Motion on Newly Discovered Evidence." The trial court denied the motion, and Lynn filed this appeal.

Under OCGA § 17-10-1 (f), a court may correct or reduce a sentence during the year after its imposition or within 120 days after remittitur following a direct appeal, whichever is later. *Frazier v. State*, 302 Ga. App. 346, 347-348 (691 SE2d 247) (2010); *Burg v. State*, 297 Ga. App. 118, 118 (676 SE2d 465) (2009). Once this statutory period expires, a trial court may modify a sentence only if it is void. *Jones v. State*, 278 Ga. 669, 670 (604 SE2d 483) (2004). "A sentence is void if the court imposes punishment that the law does not allow." (Punctuation omitted.) Id. Therefore, in order to support a motion for sentence modification filed outside the statutory time period of OCGA § 17-10-1 (f), a defendant must demonstrate that the sentence imposes punishment not allowed by law. *Frazier*, supra.

Further, a direct appeal does not lie from the denial of an untimely motion seeking to modify a sentence unless the motion raises a colorable claim that the sentence is, in fact, void. *Reynolds v. State*, 272 Ga. App. 91, 95 (3) (611 SE2d 750)

(2005). Allegations that merely question the fairness of a sentence do not raise a colorable claim of voidness and cannot form the basis for an appeal. *Jones*, supra at 670-671.

Here, Lynn's motion was, in substance, a motion for sentence modification. See *Martin v. Williams*, 263 Ga. 707, 708 (1) (438 SE2d 353) (1994) (a motion's substance will control over its nomenclature). This motion was not timely under OCGA § 17-10-1 (f), and Lynn raises no claim that his sentence is void. We thus lack jurisdiction to consider this appeal.

We note that, in its order, the trial court purported to address arguments raised in Lynn's prior motion. But the trial court had previously ruled on that motion, and Lynn did not file an appeal from its ruling. Under these circumstances, Lynn's reference to his prior motion constituted a motion for reconsideration, the denial of which is not appealable. See *Bell v. Cohran*, 244 Ga. App. 510, 511 (536 SE2d 187) (2000); *Savage v. Newsome*, 173 Ga. App. 271 (326 SE2d 5) (1985). For these reasons, Lynn's appeal is hereby DISMISSED.



Court of Appeals of the State of Georgia
Clerk's Office, Atlanta, 09/20/2013
*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
*Witness my signature and the seal of said court hereto affixed the day and year last above written.*


, *Clerk.*