# Court of Appeals
# of the State of Georgia

ATLANTA,  October 12, 2021

*The Court of Appeals hereby passes the following order:*

## A21A1642. AUTUMN GABRIEL v. DEUTSCHE BANK NATIONAL TRUST AS CERTIFICATE TRUSTEE.

Autumn Gabriel filed a Motion to Set Aside and Vacate Judgment pursuant to OCGA § 9-11-60 (d), OCGA § 9-3-24 and 15 U.S.C. § 1692, challenging a judgment obtained against her by plaintiff Deutsche Bank National Trust as Certificate Trustee. Deutsche Bank filed a "Motion to Strike [Gabriel's] Complaint." The trial court entered an order denying Gabriel's motion to set aside (finding that Gabriel had failed to set forth a proper basis therefor under OCGA § 9-11-60), and granting Deutsche Bank's motion to strike complaint. Gabriel filed this direct appeal from the order, stating in her notice of appeal that the trial court lacked personal jurisdiction over her. However, we lack jurisdiction over this appeal.

An appeal from a trial court order denying an OCGA § 9-11-60 (d) motion to set aside a judgment must be initiated by filing an application for discretionary review. See OCGA § 5-6-35 (a) (8), (b); *Jim Ellis Atlanta, Inc. v. Adamson*, 283 Ga. App. 116, 116 (640 SE2d 688) (2006). While the trial court's order also granted what Deutsche Bank termed a motion to strike complaint, Gabriel's pleading was not a complaint but was, in substance and function, a motion to set aside judgment. See *Manley v. Jones*, 203 Ga. App. 173, 173-174 (416 SE2d 744) (1992). Thus, her appeal is subject to the discretionary appeal procedures. OCGA § 5-6-35 (a) (8); *Manley*, 203 Ga. App. at 174. Gabriel's failure to follow the discretionary appeal procedures deprives us of jurisdiction over this direct appeal.

This appeal is hereby DISMISSED for lack of jurisdiction.



*Court of Appeals of the State of Georgia*
 *Clerk's Office, Atlanta,  10/12/2021*

 *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

 *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____, *Clerk.* Stephen E. Castlen