# Court of Appeals
# of the State of Georgia

ATLANTA,  June 28, 2022

*The Court of Appeals hereby passes the following order:*

**A22D0409. CLIVE RICHARDS v. POOL BODY SHOP.**

Clive Richards sued Pool Body Shop in Fulton County State Court. On April 2, 2022, the trial court entered an order finding that Pool Body Shop was not a legal entity capable of being sued and dismissing the lawsuit without prejudice. Richards thereafter filed a motion for reconsideration of the dismissal order.[1] The trial court denied that motion on May 12, 2022, and Richards then filed this application for a discretionary appeal. We, however, lack jurisdiction.

Under OCGA § 5-6-34 (a) (1), direct appeals are permitted from all final orders dismissing an action in its entirety. Thus, the trial court's April 2 order was directly appealable. Id. As a general rule, this Court will grant a timely application for discretionary review if the lower court's order is subject to direct appeal. See OCGA § 5-6-35 (j). To be timely, however, a discretionary application must be filed within 30 days of the entry of the order, decision, or judgment sought to be appealed. OCGA

---

[1] Although Richards apparently captioned his motion as one to amend the order pursuant to OCGA § 9-11-52, the motion sought to have the trial court amend its dismissal order to include findings of fact and conclusions of law and to reverse its finding as to the legal status of Pool Body Shop. Because pleadings are treated in accordance with their substance and purpose, rather than by their nomenclature, we view Richards's motion as one for reconsideration of the dismissal order. See *Martin v. Williams* , 263 Ga. 707, 708 (1) (438 SE2d 353) (1994) (substance and function, "rather than nomenclature, govern[] pleadings"); *L. Henry Enterprises, Ltd. v. Verifone, Inc.*, 273 Ga. App. 195, 197 (1) (614 SE2d 841) (2005) (same).

§ 5-6-35 (d). This statutory deadline is jurisdictional, and this Court cannot accept an application for appeal not made in compliance with OCGA § 5-6-35 (d). See *In the Interest of B. R. F.*, 299 Ga. 294, 298 (788 SE2d 416) (2016) (holding that an appellate court lacks jurisdiction over an untimely application for discretionary appeal); *Hair Restoration Specialists v. State of Ga.*, 360 Ga. App. 901, 903 (862 SE2d 564) (2021) (same). Although Richards's application is timely as to his motion seeking a reconsideration of the trial court's dismissal order, it is untimely as to the order of dismissal itself. And the filing of a motion for reconsideration does not extend the time for filing a discretionary application for appeal. See *Bell v. Cohran*, 244 Ga. App. 510, 511 (536 SE2d 187) (2000); *Savage v. Newsome*, 173 Ga. App. 271, 271 (326 SE2d 5) (1985). Furthermore, the denial of a motion for reconsideration of an appealable order or judgment is not itself appealable. Id.

Because Richards's application, filed 60 days after the order of dismissal, is untimely as to that judgment, and because the order denying his motion for reconsideration is not appealable, we lack jurisdiction. Accordingly, this application is hereby DISMISSED.



Court of Appeals of the State of Georgia

Clerk's Office, Atlanta,___06/28/2022_____

I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.

Witness my signature and the seal of said court hereto affixed the day and year last above written.

_____, Clerk.