# Court of Appeals
# of the State of Georgia

ATLANTA,  August 14, 2025

*The Court of Appeals hereby passes the following order:*

**A26D0004, A26D0006 and A26D0018. KEITH LAFAVOR v. RAKESHIA LAFAVOR.**

Keith LaFavor ("Husband") and Rakeshia LaFavor ("Wife") were divorced in July 2023. Two months later, Wife filed a petition to modify custody of their minor children, and the proceeding on her petition was assigned a different case number than the divorce case. In July 2025, the trial court entered three orders in the modification action that Husband, proceeding pro se, seeks to appeal here. On July 7, the trial court entered a temporary order that "reinstated" his "previous visitation with the minor children"; in Case No. A26D0018, Husband seeks discretionary review of that ruling. On July 17, the court entered an order modifying the temporary order; in Case No. A26D0006, Husband seeks review of that ruling. Also on July 17, the court entered a separate order finding Husband in contempt of certain provisions of the divorce decree unrelated to custody. In Case No. A26D0004, Husband seeks review of that order. For reasons that follow, we grant all three applications.

Ordinarily, appeals of orders in domestic relations cases must be initiated by filing an application for discretionary appeal. See OCGA § 5-6-35 (a) (2). However, under OCGA § 5-6-34 (a) (11), "[a]ll judgments or orders in child custody cases awarding, refusing to change, or modifying child custody" are directly appealable. See OCGA § 19-9-41 (4) (defining "child custody proceeding" as "a proceeding in which legal custody, physical custody, or visitation with respect to a child is in issue. The term includes a proceeding for divorce, separation, neglect, abuse, dependency, guardianship, paternity, termination of parental rights, and protection from family

violence, in which the issue may appear."). Because Husband challenges the custody provisions in the orders at issue in Case Nos. A26D0006 and A26D0018, these cases are subject to direct appeal. See, e.g., *Perlman v. Perlman*, 318 Ga. App. 731, 733 (1) (734 SE2d 560) (2012).

This Court will grant a timely discretionary application if the lower court's order is subject to direct appeal. See OCGA § 5-6-35 (j). Accordingly, Husband's applications in Case Nos. A26D0006 and A26D0018 are GRANTED. And Husband's right of direct appeal of those custody rulings includes the right to challenge other rulings in the case — such as the divorce contempt order at issue in Case No. A26D0004 — without regard to whether those other rulings independently would be directly appealable. See OCGA § 5-6-34 (d); *Martin v. Williams*, 263 Ga. 707, 709-711 (3) (438 SE2d 353) (1994). Thus, Husband's application in Case No. A26D0004 is also GRANTED.

Husband shall have ten days from the date of this order to file a notice of appeal with the trial court, if he has not already done so. See OCGA § 5-6-35 (g). The clerk of the trial court is directed to include a copy of this order in the record transmitted to the Court of Appeals.



*Court of Appeals of the State of Georgia*
    *Clerk's Office, Atlanta,  08/14/2025*

        *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

        *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ , *Clerk.*