## 30894. ROSWELL ROAD-PERIMETER HIGHWAY LIQUOR STORE, INC. et al. v. SCHURKE.

PER CURIAM.

We grant the petition by the applicants for a writ of certiorari to the Court of Appeals, and pursuant to Rule 36 (c) of this court (effective December 1, 1975), we vacate the judgment of the Court of Appeals in this case and remand to that court for further consideration.

The decision of the Court of Appeals is reported at 137 Ga. App. 145 (1975).

The plaintiff brought an action for false arrest against two defendants, agent and principal. The final verdict of the jury exonerated the agent but found the principal liable and assessed damages against the principal only. The trial judge entered judgment, following the final verdict, against the principal only.

The principal moved for judgment notwithstanding

the verdict or, in the alternative, for a new trial. The principal also moved to amend the verdict and judgment on the ground that the jury had exonerated the agent by its verdict, and, because of this exoneration, a verdict and judgment against the principal alone could not stand.

The plaintiff made a motion to amend the judgment to conform to the first verdict rendered by the jury, that first verdict having merely been rendered in favor of the plaintiff without specifying either or both defendants.

The trial judge then entered an order denying both motions filed by the principal, granting the motion filed by the plaintiff, and amending the judgment formerly entered in the case by awarding damages to the plaintiffs against both the agent and the principal.

The agent and the principal both appealed from the amended judgment and contended that they were entitled to judgment as a matter of law based on the final verdict of the jury.

The principal also appealed from the final judgment and contended that its motion for judgment notwithstanding the verdict or, in the alternative, a new trial should not have been denied by the trial judge.

The defendant agent at no time made a motion for a new trial.

Division 1 of the opinion of the Court of Appeals held that the final verdict of the jury exonerated both defendants as a matter of law. Division 2 ruled that the amended judgment awarding damages against the agent and the principal was invalid. Division 3, while not clear, contains the inference that a new trial is granted against both the agent and the principal.

The record shows that Division 3 of the opinion was added on motion for rehearing on December 19, 1975, at the very end of the September Term of Court. This, in our view, amounted to a substantial change in the decision that had been rendered by the Court of Appeals on November 19, 1975.

The defendant-agent, as stated before, at no time made a motion for a new trial. He contends that the first judgment in his favor was correct and that the amended judgment, assessing liability and damages against him, was erroneous.

The principal, though it made a motion for a judgment notwithstanding the verdict or, in the alternative, a new trial, contends that it was entitled to judgment in its favor as a matter of law, and that the grant of a new trial by the Court of Appeals against it was erroneous.

Division 3 of the opinion of the Court of Appeals which purportedly grants a new trial is not at all clear. It is clear that the judgment of the trial court is reversed, but what proceedings will follow in the trial court, and against whom, is unclear.

In this situation we vacate the judgment of the Court of Appeals and remand the case to that court for further consideration and clarification of its opinion.

*Judgment vacated; case remanded for further consideration. All the Justices concur.*

DECIDED MARCH 16, 1976 — REHEARING DENIED MARCH 23, 1976.

*Rolader, Barham, Davis, Graham & McEvoy, D. W. Rolader,* for appellants.
*Swift, Currie, McGhee & Hiers, Guerry R. Moore,* for appellee.