## S97G1023. SOUTHEASTERN SECURITY INSURANCE COMPANY v. EMPIRE BANKING COMPANY.
(490 SE2d 372)

CARLEY, Justice.

Empire Banking Company (Bank) filed suit, seeking to recover under a policy of insurance issued by Southeastern Security Insurance Company (Insurer). On cross-motions for summary judgment, the trial court granted summary judgment in favor of the Bank and denied the Insurer's motion. Within ten days, the trial court certified its order for immediate review. Thereafter, the Insurer, rather than filing a direct appeal from the grant of summary judgment in favor of the Bank, applied for an interlocutory appeal from the denial of its own motion. The Court of Appeals granted the Insurer's application, a notice of appeal was filed, the case was docketed, and the parties filed briefs in accordance with the rules of the Court of Appeals. After oral argument, the Court of Appeals dismissed the interlocutory appeal with only Judge Beasley dissenting. According to the dismissal order:

> This appeal involves the grant and denial of cross-motions for summary judgment. The grant of summary judgment is subject to direct appeal. OCGA § 9-11-56 (h). The denial of summary judgment may be appealed without application when it is tied to the directly appealable grant of summary judgment. *Southeast Ceramics v. Klem,* 246 Ga. 294 (1) (271 SE2d 199) (1980). The interlocutory appeal procedure is reserved for those rulings that are not otherwise subject to direct appeal. *Artis v. Gaither,* 199 Ga. App. 114-115 (404 SE2d 322) (1991). Accordingly, we conclude that the application for interlocutory appeal was improvidently granted, and this appeal is hereby DISMISSED.

We granted certiorari to review the Court of Appeals' dismissal of the interlocutory appeal.

As the Court of Appeals correctly held, it is possible to appeal from the denial of a cross-motion for summary judgment without compliance with the provisions of OCGA § 5-6-34 (b), when that interlocutory ruling is raised in the context of a direct appeal from the grant of the cross-motion for summary judgment. *Southeast Ceramics v. Klem,* supra at 294 (1). Appellate consideration of the denial of the cross-motion for summary judgment, in addition to the grant of the cross-motion, is mandated by OCGA § 5-6-34 (d), which provides that whenever a direct appeal is taken,

> all judgments, rulings, or orders rendered in the case which are raised on appeal and which may affect the proceedings

below shall be reviewed and determined by the appellate court, without regard to the appealability of the judgment, ruling, or order standing alone and without regard to whether the judgment, ruling, or order appealed from was final or was appealable by some other express provision of law contained in this Code section, or elsewhere.

Thus, by filing a direct appeal from the grant of the Bank's motion for summary judgment and also enumerating as error the otherwise interlocutory denial of its own motion for summary judgment, the Insurer could have obtained appellate review of the entirety of the trial court's ruling on the cross-motions. OCGA §§ 9-11-56 (h); 5-6-34 (d).

The interlocutory appeal procedure is applicable to those rulings which are not otherwise subject to direct appeal. However, the denial of a motion for summary judgment is clearly an interlocutory ruling which, if certified by the trial court, is subject to the interlocutory appeal provisions of OCGA § 5-6-34 (b). See *Marietta Yamaha v. Thomas*, 237 Ga. 840, 842 (2) (229 SE2d 753) (1976), overruled on other grounds, *Marathon U. S. Realties v. Kalb*, 244 Ga. 390, 393 (260 SE2d 85) (1979). Here, the trial court's denial of the Insurer's motion for summary judgment was certified for immediate review and the Court of Appeals had jurisdiction to consider and to grant the Insurer's application for an interlocutory appeal from that ruling. In dismissing the Insurer's application for an interlocutory appeal as improvidently granted, the Court of Appeals acted in the apparent belief that the Insurer could not proceed under the interlocutory appeal provisions of OCGA § 5-6-34 (b), because the Insurer could have filed a direct appeal pursuant to provisions of OCGA § 9-11-56 (h). In so holding, the Court of Appeals erred, because it is clear that neither OCGA § 5-6-34 (b) nor § 9-11-56 (h) constitutes "the exclusive means of appealing the denial of a motion for summary judgment." *Southeast Ceramics,* supra at 294 (1). As the losing party on the cross-motions for summary judgment, the Insurer was entitled to proceed under OCGA § 5-6-34 (b) to seek an interlocutory appeal from the denial of its motion for summary judgment or, in the alternative, to file a direct appeal from the grant of the Bank's motion pursuant to OCGA § 9-11-56 (h). Here, the Insurer elected to invoke the interlocutory appeal procedure. The mere availability of the alternative of the direct appeal procedure should not be a factor in determining whether to grant an interlocutory appeal.

In considering an application for an interlocutory appeal, an appellate court certainly is permitted to exercise its discretion. It also is authorized to exercise its discretion to dismiss an appeal filed as the result of the grant of an application. In this case, however, it

appears that, after the Court of Appeals exercised its discretion and granted the application, it dismissed the appeal under the erroneous legal theory that filing a direct appeal from the grant of summary judgment in favor of the Bank was the Insurer's exclusive procedure for obtaining appellate review of the trial court's ruling on the cross-motions for summary judgment. Because it is based upon an erroneous legal theory, rather than upon an authorized exercise of discretion, the dismissal of the Insurer's interlocutory appeal must be reversed and the case remanded to the Court of Appeals for further proceedings not inconsistent with this opinion. See generally *Watson v. Elberton-Elbert County Hosp. Auth.*, 229 Ga. 26, 27 (189 SE2d 66) (1972).

*Judgment reversed. All the Justices concur.*

DECIDED OCTOBER 6, 1997.

*Brennan, Harris & Rominger, Mason White,* for appellant.
*Sutton & Associates, Berrien L. Sutton,* for appellee.