A03A0131. SMITH et al. v. BULLOCH COUNTY BOARD OF COMMISSIONERS et al.
(583 SE2d 475)

MIKELL, Judge.

Susan Amanda Smith died from injuries she received when an ambulance struck her car. The ambulance was driven by Thomas Jefferson Smith, a Bulloch County employee. Susan Smith's parents (the "Smiths") brought a wrongful death action against Thomas Smith, Bulloch County (the "County"), and the Bulloch County Board of County Commissioners (the "Board"). The trial court granted summary judgment to Thomas Smith and the Board.[1] The Smiths appeal, and we affirm.

To prevail on a motion for summary judgment, the moving party must demonstrate that there is no genuine issue of material fact, and that the undisputed facts, viewed in a light most favorable to the party opposing the motion, warrant judgment as a matter of law.[2] Our review of a grant of summary judgment is de novo, and we view the evidence and all reasonable inferences drawn from it in the light most favorable to the nonmovant.[3]

So viewed, the record shows that on May 5, 1998, Thomas Smith responded to a 911 call from a man who complained of high blood pressure and an elevated temperature. Upon receiving notice of the 911 call, Smith was required by County policy to respond with ambulance lights and sirens activated. Thomas Smith testified that whether the 911 call was high priority or low priority, "[o]ur protocols at that time were that any 911 call was to be responded to as a full

---

[1] Thomas Smith and the Board filed motions to dismiss. The Smiths argued that these motions should be treated as motions for summary judgment. The trial court considered the motions under the summary judgment standard of OCGA § 9-11-56 (c) and granted Thomas Smith's and the Board's "Motion to Dismiss/Motion for Summary Judgment." The record indicates that the County remains as a defendant.

[2] OCGA § 9-11-56 (c); *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991).

[3] *Supchak v. Pruitt*, 232 Ga. App. 680, 682 (1) (503 SE2d 581) (1998).

emergency run." After receiving the 911 dispatch, Thomas Smith began an emergency response in his ambulance.

While Thomas Smith was responding to the 911 call, Susan Smith was driving south down Route 67. She slowed, turned on her left-hand blinker, and began to make a left turn. Thomas Smith was also proceeding south on Route 67, but had moved his ambulance into the northbound lane. Testimony showed that the ambulance was traveling without lights or a siren. As Susan Smith turned left, Thomas Smith's ambulance collided with the driver's side of her car, throwing her from the vehicle.

1. The parties agree that Thomas Smith was acting as a public employee. Under the doctrine of official immunity, public agents are protected "from personal liability for discretionary actions taken within the scope of their official authority, and done without wilfulness, malice, or corruption."[4] The immunity does not extend to the negligent performance of a ministerial duty.[5]

Although our research does not reveal any Georgia appellate decisions involving a county-employed ambulance driver, this court and our Supreme Court have consistently found that local police officers responding to an emergency call were performing a discretionary act for purposes of official immunity.[6] We recently found that a volunteer firefighter was exercising his official discretion in rushing to the scene of an accident.[7]

The Smiths contend that Thomas Smith's failure to activate his ambulance's emergency lights and siren during the emergency response was a negligent performance of a ministerial act because he had no discretion to use the lights or siren — he was required to do so. A similar argument was considered by our Supreme Court in *Logue v. Wright*:[8]

> We agree that under the facts of this case the *defendant had no discretion* to violate the law by failing to activate his blue light and siren. In fact, we would subscribe to the proposition that the law does not generally grant discretion to a public employee to act negligently. The discretionary act rule deals not with the act of negligence. The rule grants immunity to public employees who perform discretionary acts in a negligent manner. That happened here. The decision to rush

---

[4] *Cameron v. Lang*, 274 Ga. 122, 123 (1) (549 SE2d 341) (2001).

[5] See *Lincoln County v. Edmond*, 231 Ga. App. 871, 874 (2) (501 SE2d 38) (1998).

[6] *Gilbert v. Richardson*, 264 Ga. 744, 753 (6) (452 SE2d 476) (1994); *Tkacik v. Chriss*, 247 Ga. App. 86, 87 (543 SE2d 392) (2000); *Banks v. Patton*, 202 Ga. App. 168, 169 (2) (413 SE2d 744) (1991).

[7] *Anderson v. Barrow County*, 256 Ga. App. 160, 162 (1) (568 SE2d 68) (2002).

[8] 260 Ga. 206 (392 SE2d 235) (1990).

to the scene of the disorder lay within his discretion. He exercised this discretion. The fact that he did so negligently does not place him outside the rule.[9]

The controlling question is whether Thomas Smith was performing a discretionary act at the time of the collision. The Smiths have shown that Thomas Smith was required, as a matter of County protocol, to make an emergency response to the 911 call, and that the decision to rush to the scene was not within his personal discretion. It follows, they contend, that Thomas Smith's course of action was so limited by County policy that he was performing a ministerial function when the collision occurred. We disagree.

A ministerial act is commonly one that is simple, absolute, and definite, arising under conditions admitted or proved to exist, and requiring merely the execution of a specific duty. A discretionary act calls for the exercise of personal deliberation and judgment, which in turn entails examining the facts, reaching reasoned conclusions, and acting on them in a way not specifically directed. Procedures or instructions adequate to cause an act to become merely ministerial must be so clear, definite and certain as merely to require the execution of a relatively simple, specific duty.[10]

Even if Thomas Smith's choice to respond to the call as an emergency was limited, the process of driving the ambulance in responding to the emergency situation was discretionary and not ministerial. Driving during an emergency response is not a "relatively simple, specific duty." The mechanical application of certain traffic rules is suspended.[11] Personal judgment is involved in determining how best to proceed. For instance, Thomas Smith deposed that in choosing the route, "[y]ou want to avoid crowds and traffic where you can, but you don't want to go so far out of your way that you prolong your arrival time." Because the emergency response was a discretionary task, Thomas Smith's alleged negligence during the response does not expose him to personal liability. The trial court did not err in granting summary judgment to Thomas Smith.

2. The Smiths sued the County and the Board for the negligent actions of Thomas Smith under the theory of respondeat superior. The Smiths contend that factual questions as to whether the County

---

[9] (Emphasis supplied.) Id. at 207-208 (1).

[10] (Footnotes omitted.) *Happoldt v. Kutscher*, 256 Ga. App. 96, 98 (1) (567 SE2d 380) (2002).

[11] See OCGA § 40-6-6.

or the Board is Smith's employer and as to which entity owned the ambulance preclude the grant of summary judgment to the Board. The Board contends it is an improper party and is entitled to be dismissed on that basis. We agree with the Board.

If the ambulance were titled in the name of the Board, it would have the effect of being titled in the name of the County. Under OCGA § 36-9-1, a conveyance or deed made "to any officer or person for the use and benefit of any county shall vest in the county the title as fully as if made to the county by name."

Similarly, the County is the proper defendant where the Smiths have claimed liability based on respondeat superior. A suit against a public agent in his official capacity is a suit against the state.[12] The wrongful death action against Thomas Smith, to the extent it is based on his actions in an official capacity, is against the County. "In all cases where the county is the proper defendant, it, and not its agents in their representative capacities, is the proper defendant."[13] In certain circumstances, an injunction may be sought in a court of equity against the governing officials of a county.[14] But there is no independent basis here for the Board as a defendant. The Board was not a proper defendant and was entitled to judgment on that basis.

*Judgment affirmed. Johnson, P. J., and Eldridge, J., concur.*

DECIDED MAY 30, 2003 —
RECONSIDERATION DENIED JUNE 16, 2003 — 

*Smith, Gambrell & Russell, Matthew S. Coles, Judy Lam*, for appellants.

*Forbes & Bowman, Morton G. Forbes, Scot V. Pool, Brown, Rountree & Stewart, Charles H. Brown*, for appellees.

---

[12] See *Cameron v. Lang*, supra, 274 Ga. at 126 (3).

[13] *Stelling v. Richmond County*, 81 Ga. App. 571, 579 (4) (59 SE2d 414) (1950), overruled on other grounds, *Edwards-Warren Tire Co. v. Coble*, 102 Ga. App. 106, 113 (2) (115 SE2d 852) (1960).

[14] See *Olley Valley Estates v. Fussell*, 232 Ga. 779, 785 (3) (208 SE2d 801) (1974).