A04A0187. HART v. APPLING COUNTY SCHOOL BOARD.
(597 SE2d 462)

ELLINGTON, Judge.

Steven Allen Hart appeals from an order of the Superior Court of Appling County granting summary judgment to the Appling County School Board in this personal injury suit. Because the trial court's grant of summary judgment is based upon an erroneous legal theory and because we are unable, under these circumstances, to affirm under the "right for any reason rule,"[1] we must reverse.

To prevail on a motion for summary judgment, the moving party must demonstrate that there is no genuine issue of material fact, and that the undisputed facts, viewed in a light most favorable to the party opposing the motion, warrant judgment as a matter of law. OCGA § 9-11-56 (c); *Lau's Corp. v. Haskins,* 261 Ga. 491 (405 SE2d 474) (1991). "Our review of a grant of summary judgment is de novo, and we view the evidence and all reasonable inferences drawn from it in the light most favorable to the nonmovant." (Footnote omitted.) *Smith v. Bulloch County Bd. of Commrs.,* 261 Ga. App. 667 (583 SE2d 475) (2003).

Viewed in this light, the record reveals that on October 13, 1990, eight-year-old Steven Allen Hart[2] was injured while playing on a slide in his elementary school's fenced-in playground, a playground operated by the Appling County Board of Education. Although the record contains no deposition or affidavit testimony from anyone who witnessed the injury, Hart avers in his complaint that he fell from a slide and hit his head on either the concrete foundation or iron cross-bar supporting the slide. Hart avers he was negligently supervised and the school board failed to maintain the slide in a safe condition, which he claims constitutes a nuisance. Hart submitted the affidavit of a retired educator who opined the slide was unsafe because its concrete footers protruded above ground and its platform was missing boards through which a child could fall.

The school board moved for summary judgment, contending it

---

[1] See Division 2, infra.

[2] Hart reached the age of majority on September 7, 2001, and filed suit on September 6, 2002. Because the two-year statute of limitation for personal injury actions, OCGA § 9-3-33, was tolled during Hart's minority, OCGA § 9-3-90 (a), this suit is not time-barred. *Mitchell v. Hamilton,* 228 Ga. App. 850, 852 (3) (493 SE2d 41) (1997).

was entitled to sovereign immunity[3] and that it was also free from liability under the Recreational Property Act ("RPA"), OCGA § 51-3-20 et seq. After a hearing, the superior court granted summary judgment on two bases: (1) the school board had sovereign immunity and (2) Hart failed to present competent evidence from which a jury could infer he "was injured because he fell through the alleged gap in the slide platform created by the missing platform boards, rather than from some other cause related to his use of the slide."

1. In his first enumeration of error, Hart contends the trial court erred in granting summary judgment based upon a finding that the Appling County School Board was immune from suit by virtue of sovereign immunity.[4] The trial court found that Hart failed to present evidence that the school board intended to inflict injury, "which is what is required to overcome a sovereign immunity defense alleging defective conditions on school premises." In support of this proposition, the court relied on *Davis v. Dublin City Bd. of Ed.*, 219 Ga. App. 121 (464 SE2d 251) (1995), a case involving a 1993 injury to which the court applied sovereign and official immunity law as it existed after the 1991 amendment to the Georgia Constitution.

Hart, however, was injured in 1990, and the court should have applied sovereign immunity law as it then existed because the 1991 amendment applies prospectively only and a waiver of sovereign immunity occurs at the time the cause of action arises. *Curtis v. Bd. of Regents &c. of Ga.*, 262 Ga. 226, 227-228 (416 SE2d 510) (1992); *Mims v. Clanton*, 222 Ga. App. 657, 659 (1) (475 SE2d 662) (1996). As the Supreme Court of Georgia held, "[t]he former constitutional provision waived sovereign immunity to the extent that liability insurance protection was provided." (Citation omitted.) *Curtis v. Bd. of Regents &c. of Ga.*, 222 Ga. App. at 227. Although a policy of insurance is not in the record, the parties agree in their briefs (and apparently stipulated in open court) that the purchase of insurance would have constituted a waiver of Appling County's sovereign

---

[3] The school board argued that it was immune from suit because the Georgia Tort Claims Act, OCGA § 50-21-22 (5), expressly excluded school districts in the Act's limited waiver of sovereign immunity.

[4] Art. I, Sec. II, Par. IX (e) of the 1983 Georgia Constitution provides that, except "as specifically provided in this Paragraph, sovereign immunity extends to the state and all of its departments and agencies." As amended in 1991, Art. I, Sec. II, Par. IX (a) of the 1983 Georgia Constitution provides that the General Assembly may "waive the state's sovereign immunity from suit by enacting a State Tort Claims Act." Prior to its amendment, that subparagraph provided that the "defense of sovereign immunity is waived as to those actions for the recovery of damages for any claim against the state or any of its departments and agencies for which liability insurance protection for such claims has been provided but only to the extent of any liability insurance provided." (Punctuation omitted.) *Mims v. Clanton*, 222 Ga. App. 657, 659 (1) (475 SE2d 662) (1996).

immunity, implying that such a policy existed.[5] The "existence of liability insurance protection constitutes a waiver of governmental immunity[6] *pro tanto.*" *Thigpen v. McDuffie County Bd. of Ed.*, 255 Ga. 59 (335 SE2d 112) (1985) (parent's suit against school board for injuries six-year-old child sustained while playing on a slide survived claim of sovereign immunity because board purchased liability insurance). Because the trial court erroneously relied on post-1991 sovereign immunity law, we must reverse and remand so that the trial court may reconsider its decision in light of the correct law and with reference to any applicable policy of insurance.

2. The school board argues that even if it is not entitled to sovereign immunity, the grant of summary judgment may be sustained on other bases. Although, as a matter of judicial economy, we will affirm a grant of summary judgment under the "right for any reason" rule, we will generally only do so when the judgment may be sustained upon a legal basis apparent from the record and which was fairly presented in the court below. See generally *City of Gainesville v. Dodd*, 275 Ga. 834 (573 SE2d 369) (2002).

(a) The school board argues the trial court should have sustained the grant of summary judgment based upon the RPA. "The RPA limits, with certain exceptions, the liability of an owner of land who has made property available without charge to the public for recreational purposes. OCGA §§ 51-3-22, 51-3-23." *Anderson v. Atlanta Comm. for the Olympic Games*, 273 Ga. 113, 114 (1) (537 SE2d 345) (2000). "The Act applies if the landowner does not charge a fee for admission and if the property is open to the public for recreational purposes." (Citation omitted.) *Edmondson v. Brooks County Bd. of Ed.*, 205 Ga. App. 662 (423 SE2d 413) (1992). The school board presented no evidence from which a jury could infer that the playground was open to the public. However, Hart presented evidence that, at the time of the accident, the playground was fenced-in, was only for the use of children enrolled in the school, and was not open to any segment of the general public. Because the school board failed to establish as a matter of law that the playground was open to the public within the meaning of the RPA, the trial court

---

[5] Because the transcript of the motion hearing is not before us, we cannot determine whether or to what extent a policy was discussed below. Although the record reveals nothing about the extent of any insurance coverage, we cannot, in fairness, conclude that the plaintiff failed to come forward with evidence establishing coverage when it does not appear that the existence of insurance was raised and disputed in the school board's motion, a motion that alleged post-1991 sovereign immunity law. See Division 2, infra. Whether and to what extent insurance provides coverage for the injuries claimed is an issue we do not reach and which remains for the trial court to determine.

[6] The term "governmental immunity" is synonymous with "sovereign immunity." *Gilbert v. Richardson*, 264 Ga. 744, 749 (4) (452 SE2d 476) (1994).

properly found that the RPA did not shield the school board from liability. *Herring v. Hauck,* 118 Ga. App. 623, 624 (165 SE2d 198) (1968). ("As we construe [the RPA], one must permit the free use of his facilities or land by the public generally or by a particular class of the public, such as Little Leaguers, Boy Scouts, etc., and permitting free use by classes of individuals is not sufficient.") (emphasis omitted).

(b) Although we agree that Hart has yet to present competent evidence establishing that his injuries were actually caused by a defective condition in the slide, the trial court nevertheless erred in granting summary judgment on this basis. This argument was not presented in the school board's motion and Hart had no opportunity to respond to it. Even though a trial court may grant summary judgment to a party on its own motion,

> a trial court's authority to do so is not unlimited. The grant of summary judgment must be proper in all other respects. This means that in addition to ensuring the record supports such a judgment, the trial court must ensure that the party against whom summary judgment is rendered is given full and fair notice and opportunity to respond prior to entry of summary judgment. The crucial point is to ensure that the party against whom summary judgment is sought has had a full and final opportunity to meet and attempt to controvert the assertions against him.

(Citations and punctuation omitted.) *Dixon v. MARTA,* 242 Ga. App. 262, 266 (3) (529 SE2d 398) (2000); *Aycock v. Calk,* 222 Ga. App. 763-764 (476 SE2d 274) (1996); *Hodge v. SADA Enterprises,* 217 Ga. App. 688, 690 (1) (458 SE2d 876) (1995); see also OCGA § 9-11-56 (c).[7]

Based upon the record before us, it appears the school board moved for summary judgment on constitutional or statutory limitations of liability only and did not challenge the underlying tort claims or dispute the material facts averred in the complaint. Neither the school board nor the court gave Hart notice that any other basis for the entry of a final judgment would be argued or considered. Under these circumstances, we cannot conclude that Hart had a full and final opportunity to meet and controvert the ground for summary judgment upon which the court relied.

For these reasons, we reverse the grant of summary judgment and remand the case to the trial court.

---

[7] OCGA § 9-11-56 (c) provides, in relevant part, that "[t]he motion shall be served at least 30 days before the time fixed for the hearing. The adverse party prior to the day of hearing may serve opposing affidavits."

*Judgment reversed and case remanded. Miller, J., concurs. Andrews, P. J., concurs in the judgment only.*

DECIDED MARCH 8, 2004 —
RECONSIDERATION DENIED MARCH 17, 2004 —

*Phillips & Kitchings, Richard Phillips*, for appellant.
*Clark & Clark, Fred S. Clark*, for appellee.