### S09A1187. CITY OF SANDY SPRINGS v. KAPLAN et al.
(686 SE2d 115)

THOMPSON, Justice.

Ronnie and Richard Kaplan filed suit against Fulton County, the City of Sandy Springs and the Fulton County School District ("FCSD"), seeking, inter alia, damages for nuisance and trespass stemming from the flow of water across their land, as well as mandamus to order defendants to repair a 36-inch drainage pipe under their driveway. The case focuses on the question of whether the city impliedly accepted an easement for the drainage pipe on the Kaplans' property.

The pipe was installed at the time of construction of the Kaplans' subdivision. It is part of a storm drainage easement described on the final plat of the subdivision, which was approved by the County Board of Commissioners in 1981. However, no recorded conveyance of the easement exists.

The county and the city moved for summary judgment, asserting the easement for the 36-inch pipe was neither expressly nor impliedly accepted by either entity. The trial court granted summary judgment to the county on that basis, but denied the city's motion for summary judgment.[1] In so doing, the trial court concluded, with regard to the city's motion:

[B]ecause of the combination of the permitting of the FCSD project with advance knowledge of the need for repair to the 36-inch pipe, the short-term control over the easement itself, and the repeated promises of repair, in this case the court finds that Sandy Springs has impliedly accepted liability for maintenance of the [Kaplans'] 36-inch pipe. Sandy Springs' motion for summary judgment is therefore denied.

We granted the city's application for interlocutory review of the trial court's order and posed this question:

Was it error for the trial court's order on the City of Sandy

---

[1] The Kaplans' appeal of the grant of summary judgment to the county, Case No. S09A1435, was orally argued with this case, but will be decided separately.

Springs' motion for summary judgment to state that "the Court FINDS that Sandy Springs has impliedly accepted liability for maintenance" of the pipe at issue. See OCGA § 9-11-56 (c).

1. The city enumerates error on what it calls the grant of partial summary judgment to the Kaplans, arguing that it was not given fair notice and an opportunity to respond prior to the entry of judgment, see *Hart v. Appling County School Board*, 266 Ga. App. 300, 303 (597 SE2d 462) (2004), and that, in any event, the trial court's finding that the city accepted responsibility for maintenance of the pipe is not supported by the record. The Kaplans counter by pointing out that a trial court can grant summary judgment, sua sponte, in favor of a non-moving party on an issue that is the same as the issue presented by the moving party, *Hodges v. Callaway*, 279 Ga. 789, 795 (621 SE2d 428) (2005), and asserting that the record shows the city impliedly accepted dedication of the pipe. However, although the trial court made it perfectly clear that it denied the city's motion for summary judgment, it cannot be said with any degree of certainty that the trial court granted partial summary judgment to the Kaplans and against the city. First, the words "grant summary judgment in favor of the Kaplans," or words of similar import, do not appear anywhere in the trial court's order. Moreover, the trial court's finding "that Sandy Springs has impliedly accepted liability for maintenance" is immediately followed with a concluding sentence which denies the city's summary judgment motion. Thus, placed in context, the trial court's finding seems to do nothing more than support the denial of summary judgment to Sandy Springs.

2. It can be argued that, inasmuch as the trial court used the word "liability" in its finding, it intended to grant a partial summary judgment to the Kaplans and against the city on the issue of liability. See OCGA § 9-11-56 (c). However, if that was the trial court's intention it should have followed up with a clear statement granting partial summary judgment to the Kaplans.[2]

3. OCGA § 9-11-56 (d), which authorizes a trial court to narrow the issues for trial by specifying the facts that appear without substantial controversy, reads as follows:

*Case not fully adjudicated on motion.* If on motion under this Code section judgment is not rendered upon the whole

---

[2] Perhaps, too, the trial court inadvertently used the word "liability." After all, the primary question of fact before the trial court on the city's motion for summary judgment was whether the city impliedly accepted the dedication of the easement. Liability is a more complicated question of fact and law.

case or for all the relief asked and a trial is necessary, the court at the hearing of the motion, by examining the pleadings and the evidence before it and by interrogating counsel shall, if practicable, ascertain what material facts exist without substantial controversy and what material facts are actually and in good faith controverted. It shall thereupon make an order specifying the facts that appear without substantial controversy, including the extent to which the amount of damages or other relief is not in controversy, and directing such proceedings in the action as are just. Upon the trial of the action the facts so specified shall be deemed established, and the trial shall be conducted accordingly.

This Code section was designed "to salvage some results from the effort involved in the denial of a motion for summary judgment" and has been likened "to a pretrial order under Rule 16." Wright, Miller & Kane, Federal Practice and Procedure: Civil 3d § 2737. It "does not authorize the entry of a judgment on part of a claim or the granting of partial relief. . . . It simply empowers the court to withdraw sham issues from the case and to specify those facts that really cannot be controverted." Id. It "follows that an order issued pursuant to Rule 56 (d) has no preclusive impact, since the trial court retains jurisdiction to modify the order at any time prior to the entry of a final judgment. Thus . . . courts should take care to make it clear that the order simply delimits the issues and is not a judgment." Id.

If the trial court intended to make its finding pursuant to OCGA § 9-11-56 (d), it should have made its intent clear. Because it did not, we need not decide whether the trial court's finding specifies a fact which appears without substantial controversy. Id.

4. We are unable to discern whether the trial court intended to (1) only deny the city's motion for summary judgment, (2) grant partial summary judgment in favor of the Kaplans and against the city, or (3) make a finding of fact appearing without substantial controversy. Accordingly, we affirm the denial of the city's motion for summary judgment[3] and remand this case to the trial court for further consideration and clarification of its order. See *Roswell Road-Perimeter Highway Liquor Store v. Schurke*, 236 Ga. 520, 522 (224 SE2d 381) (1976). See also *Cason v. Cason*, 281 Ga. 296, 300 (637 SE2d 716) (2006).

*Judgment affirmed in part and case remanded for further consideration. All the Justices concur.*

---

[3] The city did not enumerate error upon the denial of its motion for summary judgment.

DECIDED NOVEMBER 9, 2009.

*Andrew J. Whalen III, Leigh C. Hancher, Willard & Sullivan, Wendell K. Willard, Matthew C. Welch,* for appellant.
*King & Yaklin, Russell D. King,* for appellees.
*William F. Riley, Jr., Cecil G. McLendon, Jr., Scott T. Hastey, Leonid M. Felgin,* amici curiae.