**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

OCT 17 2012

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JAMES SAMUEL GORDON, JR.,<br><br>    Plaintiff - Appellee,<br><br> v.<br><br>COMMONWEALTH MARKETING GROUP INC., a Pennsylvania corporation,<br><br>    Defendant-third-party-plaintiff - Appellee,<br><br> v.<br><br>IMG ASSOCIATES, LLC, a Georgia limited liability company and IMPULSE MARKETING GROUP, INC., a Georgia corporation,<br><br>    Third-party-defendant - Appellants. | No. 11-35877<br><br>D.C. No. 2:08-cv-05074-LRS<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Eastern District of Washington
Lonny R. Suko, District Judge, Presiding

---

  [*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Submitted October 12, 2012[**]
Seattle, Washington

Before: TASHIMA, M. SMITH, and CHRISTEN, Circuit Judges.

Third-party Defendants-Appellants IMG Associates and Impulse Marketing Group, Inc. (collectively, IMG), appeal the district court's summary judgment in favor of Defendant-Third-party Plaintiff, Commonwealth Marketing Group, Inc. (Commonwealth) under the parties' Marketing Service Agreement (Agreement), which is governed by Georgia law. As the facts and procedural history are familiar to the parties, we do not recite them here except as necessary to explain our disposition. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

We review *de novo* a grant of summary judgment. *Universal Health Servs., Inc. v. Thompson*, 363 F.3d 1013, 1019 (9th Cir. 2004). Under Georgia law, the duty to defend is broader than the duty to indemnify. *Shafe v. Am. States Ins. Co.*, 653 S.E.2d 870, 873 (Ga. Ct. App. 2007). The duty to defend arises upon the allegation of statutory violations; the merit of those claims is irrelevant. *Penn-America Ins. Co. v. Disabled Am. Veterans Inc.*, 481 S.E.2d 850, 852 (Ga. Ct. App. 1997), *aff'd* 490 S.E.2d 372 (Ga. 1997). The district court granted summary judgment in favor of Commonwealth because it found that IMG breached its contractual duty to defend Commonwealth against the claims brought by James

---

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Samuel Gordon, Jr. (Gordon) under the CAN-SPAM Act. We agree. Clause 14(a) of the Agreement provides expressly that IMG "shall indemnify, defend, . . . and hold CMG and its officers, directors, shareholders, agents, affiliates and assigns . . . harmless at all times . . . from and against and in respect of, any liability, claim, deficiency, loss, damage, penalty or injury . . . arising from . . . any breach by IMG . . . of the CAN-SPAM Act of 2003 . . ." IMG's duty to defend thus arose unambiguously when Gordon asserted the CAN-SPAM Act claims against Commonwealth. *Penn-America*, 490 S.E.2d at 376. IMG urges us to read the Agreement as triggering the duty to defend only in the case of actual breach. We reject IMG's interpretation because it would "render[] . . . meaningless" the language in the contract providing that IMG "shall defend . . . any . . . claim." *Landmark American Ins. Co. v. Khan*, 705 S.E.2d 707, 710 (Ga Ct. App. 2011) (quoting *ALEA London Ltd. v. Woodcock*, 649 S.E.2d 740 (Ga Ct. App. 2007)) Accordingly, we affirm the decision of the district court granting summary judgment in favor of Commonwealth for the amount of $131,938.93 for the attorneys' fees and costs incurred in its defense against Gordon's claims.

**AFFIRMED.**