# Court of Appeals
# of the State of Georgia

ATLANTA,    March 22, 2013

*The Court of Appeals hereby passes the following order:*

**A12A1479. NORFOLK SOUTHERN RAILWAY COMPANY v. CRENSHAW.**

Lorenzo Crenshaw filed a negligence lawsuit against Norfolk Southern Railway Company, which filed a motion for summary judgment. On November 17, 2011, the trial court entered an "Order Denying [Norfolk Southern Railway Company's] Motion for Summary Judgment." For reasons that follow, we dismiss this direct appeal from that order.

OCGA § 9-11-56 (h) provides: "An order granting summary judgment on any issue or as to any party shall be subject to review by appeal. An order denying summary judgment shall be subject to review by direct appeal in accordance with subsection (b) of Code Section 5-6-34." Pursuant to OCGA § 5-6-34 (b), a party may apply for interlocutory review only if the trial court certifies within ten days of entry of the order at issue that immediate review should be had;[1] moreover, the application for interlocutory appeal must be filed with the appellate court within ten days after the grant of the certificate of immediate review.[2]

Norfolk Southern did not seek interlocutory review in accordance with OCGA § 5-6-34 (b).  Instead, on December 16, 2011, Norfolk Southern filed a notice of

---

[1] See *Wilcher v. Confederate Packaging*, 287 Ga. App. 451, 452 (1) (651 SE2d 790) (2007).

[2] *Genter v. State*, 218 Ga. App. 311 (460 SE2d 879) (1995).

appeal, citing OCGA § 9-11-56 (h), and asserting that the trial court's order denying its motion "effectually grant[ed]" partial summary judgment to Crenshaw.

"'[A]lthough the trial court made it perfectly clear that it denied [Norfolk Southern's] motion for summary judgment, it cannot be said with any degree of certainty that the trial court granted partial summary judgment to [Crenshaw]. First, the words 'grant summary judgment in favor of [Crenshaw],' or words of similar import, do not appear anywhere in the trial court's order."[3] Additionally, although the trial court made findings of fact, its findings are immediately followed by the statement that questions of material fact remain.[4] If it was the trial court's intent to grant partial summary judgment to Crenshaw, "it should have followed up with a clear statement granting partial summary judgment to [Crenshaw]."[5]

Norfolk Southern has pointed out to this Court that, subsequent to its November 17, 2011 order, the trial court entered an order (on Crenshaw's motion to dismiss the appeal) stating that it had "effectively granted" partial summary judgment to Crenshaw and further finding that its November 17 order was therefore "directly appealable pursuant to OCGA § 9-11-56 (h)." That subsequent trial court order, however, was not entered until March 8, 2012 – more than three months *after* Norfolk Southern filed its notice of appeal. While orders may be entered "nunc pro tunc," the March 8 order contains no such back-dating language.[6] What is more, "[t]he general

---

[3] *City of Sandy Springs v. Kaplan*, 286 Ga. 160, 161 (1) (686 SE2d 115) (2009).

[4] See id.

[5] Id. at 161 (2).

[6] Hence, to the extent the March 8, 2012 order can be considered the grant of partial summary judgment to Crenshaw, it falls outside the purview of *this* appeal, as it is axiomatic that "[j]udgments cannot be considered on appeal if rendered subsequent to the judgment appealed from." *Patel v. State*, 289 Ga. 479, 487 (5), n.

rule is that nunc pro tunc entries are proper to correct clerical errors but not judicial errors. In this case, the [March 8, 2012] order did more than correct a clerical error; instead, it supplied [a judicial ruling] absent from the first order."[7]

The interlocutory appeal procedures may not be circumvented by these circumstances; the November 17 order did not grant partial summary judgment to Crenshaw; and the trial court's subsequent determination that its order was directly appealable did not confer jurisdiction upon this Court.

Given the foregoing, Norfolk Southern was not authorized to file a direct appeal from the November 17 order pursuant to OCGA § 9-11-56 (h). In order to appeal the denial of its motion for summary judgment, it was required to follow the interlocutory appeal procedures of OCGA § 5-6-34 (b). Norfolk Southern's failure to do so deprives us of jurisdiction over this appeal, which is therefore *DISMISSED*.[8]



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,* 03/22/2013
*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
*Witness my signature and the seal of said court hereto affixed the day and year last above written.*


_____, *Clerk.*

---

14 (713 SE2d 381) (2011) (citation and punctuation omitted).

[7] *In the Interest of J. C. W.*, 318 Ga. App. 772, 792 (7) (734 SE2d 781) (2012) (emphasis omitted).

[8] See OCGA § 9-11-56 (h). Accord *City of Sandy Springs*, supra at 162 (4) (noting ambiguity of trial court's ruling and thus refusing to speculate whether trial court intended only to deny defendant's motion for summary judgment, or to also grant partial summary judgment in favor of plaintiffs, or to make a finding of fact appearing without substantial controversy).