# Court of Appeals
# of the State of Georgia

ATLANTA, _November 01, 2013_

*The Court of Appeals hereby passes the following order:*

## A13A1489. WEST ASSET MANAGEMENT, INC. v. NW PARKWAY, LLC.

NW Parkway, LLC ("NW Parkway") filed a lawsuit against West Asset Management, Inc. ("West"),[1] alleging that West (as lessee) had failed to comply with certain terms of their lease. In August 2012, West filed a "Motion for Partial Summary Judgment On Plaintiff's Claims for Rents, Interest, Late Fees, and Attorneys' Fees," which West revised on September 4, 2012. On November 30, 2012, the trial court entered an "Order" ruling that "West's Revised Motion for Partial Summary Judgment, filed on September 4, 2012, is DENIED." For reasons that follow, we dismiss this direct appeal from the Order.

OCGA § 9-11-56 (h) provides: "An order granting summary judgment on any issue or as to any party shall be subject to review by appeal. An order denying summary judgment shall be subject to review by direct appeal in accordance with subsection (b) of Code Section 5-6-34." Pursuant to OCGA § 5-6-34 (b), a party may apply for interlocutory review only if the trial court certifies within ten days of entry of the order at issue that immediate review should be had;[2] moreover, the application for interlocutory review must be filed with the appellate court within ten days after

---

[1] NW Parkway also named James C. Lemser as a defendant, but the trial court granted Lemser's motion (unrelated to this appeal) to be dismissed from this lawsuit.

[2] See *Wilcher v. Confederate Packaging*, 287 Ga. App. 451, 452 (1) (651 SE2d 790) (2007).

the grant of the certificate of immediate review.[3]

West did not seek interlocutory review in accordance with OCGA § 5-6-34 (b). Instead, on December 10, 2012, West filed a notice of appeal, citing OCGA § 9-11-56 (h), and asserting that the trial court's Order denying its motion "effectively granted" partial summary judgment to NW Parkway.

"'[A]lthough the trial court made it perfectly clear that it denied [West's] motion for [partial] summary judgment, it cannot be said with any degree of certainty that the trial court granted partial summary judgment to [NW Parkway]. First, the words 'grant summary judgment in favor of [NW Parkway],' or words of similar import, do not appear anywhere in the trial court's order."[4] Moreover, although West claims that the Order contains findings of fact, the trial court stated at the outset that "the facts either prove, or create a genuine issue of material fact for trial"; and thereinafter, the Order is replete with language that matters remain for a trier of fact and that West is not entitled to summary judgment. "Thus, placed in context, the trial court's finding[s] seem[] to do nothing more than support the denial of summary judgment to [West]."[5] If the trial court intended to grant partial summary judgment to NW Parkway, "it should have followed up with a clear statement granting partial

---

[3] *Genter v. State*, 218 Ga. App. 311 (460 SE2d 879) (1995).

[4] *City of Sandy Springs v. Kaplan*, 286 Ga. 160, 161 (1) (686 SE2d 115) (2009); cf. *Quarles v. Quarles*, 285 Ga. 762 (683 SE2d 583) (2009) (where plaintiff/Husband filed a motion for partial summary judgment, and where the trial court found that there was no genuine issue of material fact and then entered an "Order of the Plaintiff's Motion for Partial Summary Judgment" ruling in favor of the movant, "[t]he denomination, procedural context, and language of the trial court's order clearly show[ed] that the court was ruling on the motion for partial summary judgment and, although the order did not expressly so state, its effect was to grant partial summary judgment in favor of Husband").

[5] *City of Sandy Springs*, supra; cf. *Quarles*, supra.

summary judgment to [NW Parkway].["6]

The Order from which West appeals does not constitute a final judgment.[7] Nor is the Order tied to an appealable order or judgment.[8] The cases cited by West in its appellate brief are inapposite to the circumstances here, and do not provide for the interlocutory appeal procedures to be circumvented as West urges.[9]

---

[6] *City of Sandy Springs*, supra at 161 (2) (footnote omitted); cf. *Quarles*, supra.

[7] See, e. g., OCGA § 5-6-34 (a) (1) (pertinently providing for a direct appeal from "final judgments, that is to say, where the case is no longer pending in the court below"); *Southeastern Sec. Ins. Co. v. Empire Banking Co.*, 268 Ga. 450, 451 (490 SE2d 372) (1997) ("[T]he denial of a motion for summary judgment is clearly an interlocutory ruling which, if certified by the trial court, is subject to the interlocutory appeal provisions of OCGA § 5-6-34 (b).") (citation omitted)

[8] See, e. g., *Southeast Ceramics, Inc. v. Klem*, 246 Ga. 294-295 (1) (271 SE2d 199) (1980) (holding that the denial of a motion for summary judgment can be appealed without interlocutory application when it is tied to the appeal of an appealable order or judgment); *Board of Regents v. Canas*, 295 Ga. App. 505, 506-507 (1) (672 SE2d 471) (2009) (holding that an order, which denied a motion to dismiss based on a conclusive determination that sovereign immunity did not bar suit, was directly appealable because the interlocutory order met the criteria of the collateral order doctrine).

[9] West cites the following six cases: (1) *Quarles*, supra; (2) *Aiken v. Citizens & Southern Bank of Cobb County*, 249 Ga. 481-482 (1) (291 SE2d 717) (1982) (concluding that a direct appeal was authorized where "the trial court struck appellant's counterclaim" and the "pre-trial order eliminated appellant's counterclaim," determining that the court's "pre-trial order was tantamount to the grant of a summary judgment motion"); (3) *Studenic v. Birk*, 260 Ga. App. 364, 367 (1) (579 SE2d 788) (2003) (appeal from the trial court's "final order dismissing the case"); (4) *Spivey v. Safeway Ins. Co.*, 210 Ga. App. 775, 776 (1) (437 SE2d 641) (1993) (insured was entitled to a direct appeal from a final order addressing issues raised in the insurer's petition for declaratory judgment, resolving issues in favor of insurer and thus granting summary judgment in insurer's favor); (5) *City of Atlanta v. Chambers*, 205 Ga. App. 834-835 (1) (424 SE2d 19) (1992) (companion cases concerning a plaintiff's direct appeal from the grant of summary judgment, as well

Given the foregoing, West was not authorized to file a direct appeal from the November 30, 2012 Order pursuant to OCGA § 9-11-56 (h). In order to appeal the denial of its motion for partial summary judgment, it was required to follow the interlocutory appeal procedures of OCGA § 5-6-34 (b).[10] West's failure to do so deprives us of jurisdiction over this appeal, which is therefore *DISMISSED*.[11]



*Court of Appeals of the State of Georgia*
    *Clerk's Office, Atlanta,* <u>11/01/2013</u>
    *I certify that the above is a true extract from*
*the minutes of the Court of Appeals of Georgia.*
    *Witness my signature and the seal of said court*
*hereto affixed the day and year last above written.*



                                   , *Clerk.*

---

as allowing a direct appeal by a defendant from the trial court's ruling that, "'as a matter of law,' municipal immunity would not constitute a viable defense"); and (6) *Howell Mill/Collier Assocs. v. Pennypacker's*, 194 Ga. App. 169 (390 SE2d 257) (1990) (direct appeal authorized where "Appellant . . . appeals the final order and judgment in this case, *and* enumerates several errors pertaining to the trial court's grant, without motion, of partial summary judgment to appellee . . ., and asserts that the trial court also erred by denying it the opportunity to be heard in connection with the rendition of summary judgment") (emphasis supplied).

[10] *Southeastern Sec. Ins. Co.*, supra.

[11] See OCGA § 9-11-56 (h); *Southeastern Sec. Ins.*, supra; *Rolleston v. Cherry*, 237 Ga. App. 733, 736 (3) (521 SE2d 1) (1999) (reiterating that "a direct appeal is not available from the denial of a motion for summary judgment"). Accord *City of Sandy Springs*, supra at 162 (4) (noting ambiguity of trial court's ruling and thus refusing to speculate whether trial court intended only to deny defendant's motion for summary judgment, to also grant partial summary judgment in favor of plaintiffs, or to make a finding of fact appearing without substantial controversy).